OPINION OF THE COURT
Samuel Greenstein, J.
The issue before the court in this instant motion is whether, upon consent of the parties, a nonpayment summary proceeding can be “converted” into a holdover proceeding. The proceeding for nonpayment of rent in this instant matter was commenced by petitioner in mid-July, 1980, against respondent. When the parties appeared in the Landlord and Tenant Part of the Civil Court in early August, 1980, they entered into a written stipulation to “convert” the nonpayment proceeding into a holdover proceeding. The warrant of eviction was stayed until October 12, 1980. Respondent agreed to pay all rent arrears outstanding and to pay use and occupancy until she vacated the premises. Upon the vacating of the premises by respondent, petitioner agreed to pay her an amount equal to one month’s rent in addition to returning her deposit.
Thereafter, on October 16, 1980, respondent moved to vacate the stipulation and judgment or, in the alternative *489 to stay the warrant of eviction. A hearing was held on October 23, 1980, to determine whether the respondent had knowingly and intelligently entered into the stipulation. The court found that respondent, although unrepresented by counsel at the time of the stipulation, had indeed known full well what the stipulation meant and signed it freely. Decision was reserved by the court on the issue of whether the court had jurisdiction to convert the nonpayment proceeding into a holdover proceeding, even with the knowing consent of the parties. Memoranda were subsequently submitted by both sides on this sole issue.
Respondent, through her attorneys, relies on the broad principle that a summary proceeding is a creature of statute, to be strictly construed, and she concludes therefore that there can be no effective waiver of the service of a notice to terminate and a petition alleging a holdover. She argues that the failure to serve such notice and petition constituted a fatal defect which deprived the court of any jurisdiction to enter a holdover judgment. Respondent cites the case of Beach Haven Apts. No. 4 v Volf (97 Misc 2d 824) in support of her position that a nonpayment proceeding may not be converted into a holdover proceeding. In Beach Haven the court set aside a stipulation of settlement converting a nonpayment proceeding into a holdover which had been executed by a non-English speaking pro se tenant. In that fact situation, the court held that no conversion was permissible, in the absence of service of a notice of termination.
Petitioner in opposition points out that there is no allegation of improper service or improper notice or insufficient pleadings in the initial nonpayment proceeding which brought the parties before the court. He takes the position that the court may not vacate a stipulation of settlement which was freely and knowingly entered into between the parties, under these circumstances. Petitioner cites the case of High v Randall (NYLJ, Jan. 8,1980, p 11, col 4) for the principle that a nonpayment proceeding may be legally converted into a holdover proceeding, if the agreement is made knowingly and intelligently and for consideration. In High the tenant pro se had acted upon a *490 mistaken belief as to her rights in entering the stipulation of settlement converting the proceeding and had received nothing in exchange for her agreement to vacate. The Appellate Term vacated the stipulation because it “was inadvisedly and improvidently entered into and the case was taken out of the ordinary course of procedure to tenant’s prejudice.” Petitioner submits that, because the fact pattern in his case is unlike that in High, the stipulation should not be set aside in the case before the court. He further argues that the holding in Beach Haven is inapplicable, because the tenant in that case did not speak English, did not apparently enter into the stipulation of conversion knowingly and intelligently and did not receive any consideration for the agreement to vacate.
Upon review of all the relevant statutes and case law, this court must agree with petitioner. Significantly, the High case did not state that the court lacks jurisdiction to convert a nonpayment proceeding into a holdover proceeding, but rather implies that such conversion is permissible under particular circumstances. It should also be noted that the result in Beach Haven, i.e., the vacating of the stipulation, appears to be compatible with the holding in High since the conversion there was not apparently made knowingly and intelligently, and for consideration.
In the case at bar, however, the parties were properly before the court on the nonpayment proceeding; the parties then agreed, in writing, knowingly and intelligently and for a consideration to “convert” the nonpayment proceeding into a holdover proceeding, another type of proceeding which this court also has authority to try.. Under these circumstances, the court had subject matter jurisdiction to enter a holdover judgment. The definition of “subject matter jurisdiction” enunciated by the Court of Appeals in Matter of Rougeron (17 NY2d 264, 271) is helpful in this regard: “It is the rule that subject-matter jurisdiction otherwise nonexistent may not come into being through waiver or estoppel (Matter of Newham v. Chile Exploration Co., 232 N. Y. 37). However, there is a well-settled exception or proviso that this does not apply when the court had jurisdiction of the general subject matter but a contention *491 is made after judgment that the court did not have power to act in the particular case or as to a particular question in the case (Moore v. McAllister, 216 Md. 497; Taylor Coal Co. v. Industrial Comm., 301 Ill. 381; Lambert v. Yellowley, 4 F. 2d 915; United States v. Ellison, 74 F. 2d 864). In other words the rule that subject-matter jurisdiction cannot be born of waiver, consent or estoppel has to do with those cases only where the court has not been given any power to do anything at all in such a case, as where a tribunal vested with civil competence attempts to convict a citizen of a crime. In other words, ‘subject matter’ does not mean ‘this case’ but ‘this kind of case’ (cf. Matter of Newham v. Chile Exploration Co., 232 N. Y. 37, 42, supra).”
Rougeron involved a proceeding in the Surrogate’s Court, rather than a landlord and tenant case, but the general principle stated there is applicable in the instant matter. Moreover, the narrow view of subject matter jurisdiction taken by respondent is contrary to the trend of the case law even in landlord-tenant summary proceedings. As the Appellate Term, First Department, stated in Z Management Co. v J.E.B.M. Launders, Inc. (NYLJ, Oct. 29, 1980, p 6, col 1): “Tenant’s approach highlights the discredited tendency of some (see 34 & 7 Realopp Corp. v. Seafood City, Inc., 67 Misc.2d 625) to cling to outmoded theories of pleading in the context of a summary proceeding. What would be disregarded as error of insignificant proportions in a plenary action is seized upon as a valid ground for reversal of an otherwise carefully rendered summary proceeding determination. We again express our strongest disapproval of this flawed approach (Jackson v. New York City Housing Authority, 88 Misc 2d 121 [AT 1]).”
In this same spirit, the failure to properly serve a notice of termination which was a condition precedent to commence a holdover proceeding has been held not to have deprived the court of subject matter jurisdiction to enter a final judgment of possession in favor of the landlord in a case in which the parties freely entered into a stipulation of settlement for ample consideration. The tenant’s subsequent motion to set aside the stipulation, without an *492 allegation of fraud, collusion, mistake, accident or lack of consent, was denied (Sydney Leasing Co. v Isaac, NYU, July 18, 1980, p 14, col 1).
Following this line of cases, the failure to serve a notice of termination was not a jurisdictional defect which deprived the court of authority to enter a holdover judgment. Furthermore, any infirmity in the pleadings as a holdover petition was corrected by the stipulation of settlement coverting the nonpayment proceeding into a holdover proceeding.
Accordingly, the motion to vacate the stipulation and judgment is denied. The judgment, however, is modified to the extent that the warrant of eviction is stayed until February 4, 1981.