OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, without costs, and the motion by occupants Jacob Markowitz and Sarah Markowitz to dismiss the petition as against them is granted.
Prior to commencing this summary proceeding, petitioner served a 10-day notice to quit upon occupants, together with a certified copy of the referee’s deed, by “nail and mail” service, after four attempts at personal service had been made at different times on different days. Occupants Jacob Markowitz and Sarah Markowitz (appellants) moved to dismiss the petition as against them on the ground that attaching a copy of the referee’s deed to a 10-day notice to quit served by “nail and mail” is not sufficient to satisfy the requirement of RPAPL 713 (5) that a deed be “exhibited” to the respondent. The Civil Court denied appellants’ motion. We reverse.
RPAPL 713 provides in pertinent part:
“A special proceeding may be maintained under this article after a ten-day notice to quit has been served upon the respondent in the manner prescribed in section 735, upon the following grounds: . . .
“5. . . . [T]he property has been sold in foreclosure and either the deed delivered pursuant to such sale, or a copy of such deed, certified as provided in the civil practice law and rules, has been exhibited to him.”
While this statute provides that a notice to quit may be served in the same manner as a notice of petition and petition, it does not make the same provision for the referee’s deed. Instead, the statute specifically requires that the deed be “exhibited” to the respondent. In our view, and in light of the strong policy *39 prohibiting unlawful evictions (see generally Bill Jacket, L 1981, ch 467), attaching a copy of the referee’s deed to a 10-day notice to quit served by “nail and mail” was insufficient to satisfy the requirement of exhibition of the deed pursuant to RPAPL 713 (5) (see Colony Mtge. Bankers v Mercado, 192 Misc 2d 704 [Sup Ct, Westchester County 2002]; but see Novastar Mtge., Inc. v LaForge, 12 Misc 3d 1179[A], 2006 NY Slip Op 51306[U] [Sup Ct, Greene County 2006] [discussing a writ of assistance]; Deutsche Bank Natl. Trust Co. v Resnik, 24 Misc 3d 1238[A], 2009 NY Slip Op 51793DJ] [Nassau Dist Ct 2009]; GRP/AG REO 2004-1, LLC v Friedman, 8 Misc 3d 317, 318-319 [Just Ct, Town of Ramapo, Rockland County 2005]). Accordingly, the order is reversed and appellants’ motion to dismiss the petition as against them is granted.
Pesce, EJ., Weston and Rios, JJ., concur.