OPINION OF THE COURT
Salvatore A. Lagonia, J.
The respondents having moved this court for an order dismissing the summary proceeding before the court, and the *537 petitioner having opposed said motion, and the issues raised by said motion having been duly considered by this court, the court renders the following decision.
In the action before the court, the petitioner seeks an order of eviction citing an action for foreclosure, which was commenced and a final judgment of foreclosure and sale was entered by the Supreme Court on November 2, 2009. The respondents in that action allegedly remain in possession of the property, described as 2595 Evergreen Street, Yorktown Heights, New York which is within the jurisdiction of this court.
The respondents argue that pursuant to RPAPL article 7, specifically section 713 (5), strict compliance is required in order to sustain an order of eviction. That statute requires the petitioner to “personally exhibit” the referee’s deed to the respondents. Respondents cite Home Loan Servs., Inc. v Moskowitz (31 Misc 3d 37 [2011]) wherein the court held that since the RPAPL literally requires the deed to be “exhibited” to the respondents, attaching a certified copy of the referee’s deed to a 10-day notice to quit, which was then served by substituted service, was insufficient to meet the statutory requirement.
The petitioner argues that RPAPL 713 (5) is satisfied when the referee’s deed is exhibited through substituted service, as occurred in this matter. It points to the difference between substituted service in Moskowitz, of “nail and mail,” as opposed to the type of service used in this matter upon a “person of suitable age and discretion.”
This court is therefore left with the question as to whether the substituted service in Moskowitz is sufficiently different than the substituted service in this matter in order to come to a different result.
However, the court in Moskowitz did not make that distinction and instead implied that the term “exhibited” has to be taken literally. As in most issues with the RPAPL, strict compliance with the statute is required as a condition precedent to an eviction judgment.
The statute specifically requires that the deed be “exhibited” to the respondents. Indeed, the Moskowitz court came to this conclusion, even after the evidence showed that the petitioner made four failed attempts at personal service. The court found that, even with those efforts, the use of substituted service was insufficient to satisfy the requirement of “exhibition” of the deed pursuant to RPAPL 713. Therefore, we can come to no other conclusion, in that the court has already spoken on this matter and sufficient contact does not exist between the two.
*538 It is therefore ordered that said motion to dismiss this summary proceeding be granted.