*540 OPINION OF THE COURT
C. Stephen Hackeling, J.
The respondent Robert Lorenz has appeared individually[1] in the above captioned summary dispossession proceeding and agreed to a trial upon stipulated facts with the petitioner as follows:
The petitioner commenced a mortgage foreclosure proceeding in Suffolk County under index No. 38165 during 2009. The respondents appeared in the action. A judgment of foreclosure was entered which resulted in a sale and the execution of a referee’s deed dated May 4, 2012 running to the benefit of petitioner/mortgagee Hudson City Savings Bank.
Prior to the issuance of the referee’s deed, the respondent Madeleine J. Cooney obtained a “stay away” order of protection against respondent Robert Lorenz, her husband, on January 27, 2012. Said order resulted in Robert Lorenz having to move out and reside elsewhere thereafter.
On July 6, 2012, the petitioner served a “10 day Notice to Quit” together with a copy of a referee’s deed, which included an attorney’s certification that the deed was an exact duplicate of the referee’s deed which was recorded with the County Clerk.[2] It also included a certification that Cohn & Roth were duly authorized agents of the petitioner for the purpose of bringing dispossess proceedings. Service on all the respondents was in the nature of “nail and regular mail and certified follow up mail” at the premises located at 16 Weathervane Way, Dix Hills, New York 11746. The “nail and mail” procedure was undertaken after four attempts at personal service at the residence.
Thereafter, the petitioner commenced the above captioned eviction proceeding via affixation together with regular and certified mail service on August 4, 2012 after seven attempts at personal service at the foreclosed premises.
The petitioner did not have actual or written notice of the entry of the “stay away” order of protection and that the foreclosed premises were no longer Robert Lorenz’s residence during the time of the service of the “Notice to Quit” and the service of the above captioned petition.
*541 Issue Presented
The issue presented by the parties for this court’s resolution is whether substituted “nail and mail” service of a notice to quit, a referee’s deed and a dispossess petition upon an individual who resides elsewhere by virtue of a court order meets the requirements of RPAPL 713 and 735?
Discussion
The court will summarily dispose of the threshold issue presented that the respondent Lorenz has no standing to defend this dispossess action as he is not a resident or occupant of the subject premises by virtue of his wife’s order of protection. While technically accurate, such an order does not change the character of Lorenz’s interest in the subject premises. Even if Lorenz was not a deed holder, New York Domestic Relations Law recognizes a whole host of inchoate ownership/possession rights in the marital premises. Additionally, orders of protection are of limited duration and can be and often are vacated or amended by the issuing court for a myriad of reasons. Similarly, Lorenz’s possession rights only conflict with his wife’s and he could immediately and legally retake possession of the premises upon his wife’s relocating from same.
Jurisdiction
Addressing the respondent’s jurisdictional challenge, the court’s analysis starts with the fundamental premise that “Due Process” in the context of civil litigation does not guarantee “in hand” service of process or even actual notice of suit. (See Bossuk v Steinberg, 58 NY2d 916 [1983].) Premised thereon, the New York Legislature has enacted alternative substitute manners of service of process in both section 308 of the Civil Practice Law and Rules and section 735 of the Real Property Actions and Proceedings Law, which have already been held to pass constitutional muster as they provide “reasonable Notice of Suit.” (See KMT E., LLC v Nischo, 31 Misc 3d 1215[A], 2011 NY Slip Op 50682[U] [Suffolk Dist Ct 2011], citing Raschel v Rish, 69 NY2d 694 [1986].) Unlike CPLR 308 which requires “a due diligence” standard of substituted service, section 735 requires a lesser standard of “reasonable application.” (See Siegel, NY Prac § 575 [5th ed 2011].)
The relaxed standard of section 735 service may be utilized only in conjunction with the commencement of “summary proceedings” for the expedited recovery of real property. This section provides:
*542 “Manner of service; filing; when service complete
“1. Service of the notice of petition and petition shall be made by personally delivering them to the respondent; or by delivering to and leaving personally with a person of suitable age and discretion who resides or is employed at the property sought to be recovered, a copy of the notice of petition and petition, if upon reasonable application admittance can be obtained and such person found who will receive it; or if admittance cannot be obtained and such person found, by affixing a copy of the notice and petition upon a conspicuous part of the property sought to be recovered or placing a copy under the entrance door of such premises; and in addition, within one day after such delivering to such suitable person or such affixing or placement, by mailing to the respondent both by registered or certified mail and by regular first class mail,
“(a) if a natural person, as follows: at the property sought to be recovered, and if such property is not the place of residence of such person and if the petitioner shall have written information of the residence address of such person, at the last residence address as to which the petitioner has such information, or if the petitioner shall have no such information, but shall have written information of the place of business or employment of such person, to the last business or employment address as to which the petitioner has such information.” (Emphasis added.)
A condition precedent to a foreclosure sale purchaser’s commencement of a “summary proceeding” to recover real property is the service of a 10-day “Notice to Quit” and the exhibiting of a certified copy of the referee’s deed. Section 713 (5) of the RPAPL expressly provides that these documents must be served in the same manner as a notice of petition under section 735.
It is the respondent’s contention that this petition is jurisdictionally defective by virtue of the fact that he was not a resident of the subject premises pursuant to the court order when nail and mail services were made of both the notice to quit and later the eviction petition. The court need not endeavor to undertake an exhaustive consideration of the import of a court order compelling a new residence and respondent to stay away from the premises. Unlike section 308 of the CPLR, *543 “actual residence” is not a requirement of section 735 of the RPAPL if the petitioner does not have written notice of the respondent’s new residence or place of employment. The justification for disregarding the actual residence criteria is that unlike plenary actions, “summary proceedings” involve expedited hearings concerning occupancy and possession rights of real property, i.e., a “res” as defined in the common-law legal vernacular. It is assumed that the legislature has deemed that posting of a petition challenging possession of a “res” at the site of the res, together with mailing same, gives adequate if not the best manner of notice of same if the respondent has not advised the petitioner of a new address in writing. (See generally Siegel, supra § 575.)
Exhibition of the Deed
The issue of the exhibition of the referee’s deed is somewhat more problematic. The prior production of a foreclosure referee’s deed[3] is a prerequisite to dispossessing a former owner which predates the enactment of New York’s summary proceeding laws. (See Lincoln Sav. Bank v Warren, 156 AD2d 510 [2d Dept 1989].) Such an act was an integral component of a “writ of assistance” as presently defined in RPAPL 221. The requirement of exhibition of the foreclosure deed has been expressly included in section 713 (5) of the RPAPL. The Appellate Term for the Second, Eleventh and Thirteenth Judicial Districts of the Second Department has opined that the statute’s requirement of “exhibiting” the referee’s deed involves personal in hand service of an original deed. (Home Loan Servs., Inc. v Moskowitz, 31 Misc 3d 37 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011].) However, the statute contains no express requirement of “personal” exhibition of the referee’s deed. (See Novastar Mtge., Inc. v LaForge, 12 Misc 3d 1179[A], 2006 NY Slip Op 51306[U] [Sup Ct, Greene County 2006]; Deutsche Bank Natl. Trust Co. v Resnik, 24 Misc 3d 1238[A], 2009 NY Slip Op 51793[U] [Nassau Dist Ct 2009].) The justification given by the Moskowitz court for the enhanced service requirements was due to “the strong policy prohibiting unlawful evictions.” (31 Misc 3d at 38-39, citing Bill Jacket, L 1981, ch 467.) The legislature enacted RPAPL 1305, which followed codification of the Federal Protecting Tenants at Foreclosure Act and granted tenants a plethora of rights such as the following:
*544 “2. Notwithstanding any other provision of law, a tenant of a unit not subject to rent control or rent stabilization shall have the right to remain in occupancy of the unit of the subject residential real property where he or she resides on the date of mailing of the notice required by subdivision three of this section for the greater of: (a) a period of ninety days from the date of the mailing of such notice; or (b) for the remainder of the lease term; provided that if a successor in interest who acquires title to such residential real property intends to occupy a single unit as his or her primary residence and the unit is not subject to a federal or state statutory system of subsidy or other federal or state statutory scheme, the successor may limit for one unit only, the tenant’s right of occupancy to ninety days. . . .
“3. Notwithstanding any other provision of law, and consistent with subdivision two of this section, a successor in interest of residential real property shall provide written notice to all tenants: (a) that they are entitled to remain in occupancy of such property for the remainder of the lease term, or a period of ninety days from the date of mailing of such notice, whichever is greater, on the same terms and conditions as were in effect at the time of entry of the judgment of foreclosure and sale, or if no such judgment was entered, upon the terms and conditions as were in effect at the time of transfer of ownership of such property; and (b) of the name and address of the new owner. Any person or entity who or which becomes a successor in interest after the issuance of the ninety-day notice provided for in this subdivision, shall notify all tenants of its name and address and shall assume such interest subject to the right of the tenant to maintain possession as provided in this subdivision.”
The doctrine of stare decisis binds this court to follow the rulings of its Appellate Term (Ninth and Tenth Judicial Districts); the Appellate Division, Second Department; and the New York Court of Appeals. The respondent advances the argument that stare decisis requires it to adopt the Appellate Term decision in the absence of a Second Department or Court of Appeals decision. (See Mountain View Coach Lines v Storms, 102 AD2d 663 [2d Dept 1984].) While generally true, the legislature’s intervention addressing the Moskowitz court’s public policy concerns allows this court to determine that stare decisis does not bind it.
*545 Clearly the legislature addressed the Moskowitz court’s public policy concerns about unlawful evictions of bona fide tenants, and did so in a manner that did not call for “personal exhibition” of an original deed.[4] To judicially determine that “personal exhibition” is required as a precondition to commencing a summary proceeding would create a higher standard of service for the presentment of the deed than is needed for the notice of petition in an eviction proceeding. (See 3 Bergman, New York Mortgage Foreclosures § 33.01 [2] [Matthew Bender & Co., Inc. 2006].) Such a requirement would enable foreclosed occupants to frustrate the court’s judgment by simply making themselves unavailable for in hand service. Indeed, it appears illogical to conclude that foreclosed owners can be stripped of their ownership and equity of redemption via substituted service and yet cannot be removed from the premises unless all other owners can be “personally” exhibited a copy of the original deed. Absent language in the statute or its legislative history, a judicially created finding of a legislative determination to apply such a different standard to the service of these different documents is unsupportable. (See also GRP/AG REO 2004-1, LLC v Friedman, 8 Misc 3d 317 [Ramapo Just Ct 2005].)
Accordingly,- the court grants the petitioner a judgment of possession and an immediate warrant of eviction.

. Madeleine Cooney and James Iona did not appear in this action and are in default.

. It is the court’s assumption that the parties stipulated that the certification of the referee’s deed, which was exhibited, was an original. This stipulation obviated the need for the testimony of the process server who was present and ready to proceed at a traverse hearing.

. The service of the notice to quit is not a prerequisite to obtaining a RPAPL 221 writ of assistance. (See Citibank, N.A. v Plagakis, 21 AD3d 393 [2d Dept 2005].)

. It is inconceivable that the Moskowitz court was seeking to include foreclosure former owners in its protective reach as they have already received a full measure of “Due Process” in their prior Supreme Court action.