*3 OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, without costs, and tenant’s motion to dismiss the petition is granted.
In this summary proceeding to recover possession of a co-op apartment, the petition alleges that petitioner is the assignee of the successful bidder at a UCC article 9 nonjudicial sale of the shares and proprietary lease appurtenant to tenant’s co-op apartment. Tenant moved to dismiss the petition, arguing that the court lacked subject matter jurisdiction, as nothing in article 7 of the RPAPL allows for the maintenance of this proceeding. The City Court denied tenant’s motion, holding that a secured party which obtains ownership of a cooperative apartment after a nonjudicial sale of the defaulting tenant’s interest may proceed under either RPAPL 713 (1) or (7), citing Emigrant Mtge. Co., Inc. v Greenberg (34 Misc 3d 1236[A], 2012 NY Slip Op 50387[U] [Nassau Dist Ct 2012]). We reverse and grant tenant’s motion to dismiss the petition.
As relevant here, RPAPL 713 (7) provides for the maintenance of a summary proceeding to remove an occupant from “real property” (RPAPL 701 [1]) where the occupant is a licensee of the person entitled to possession whose license has expired or been revoked. Tenant is not a licensee. Rather, he entered into possession as a tenant under a proprietary lease. If that lease has been terminated — and there is no allegation that it has — tenant is in possession as a holdover tenant. He is not in occupancy pursuant to a license. Thus, RPAPL 713 (7) provides no basis for the maintenance of this proceeding.
As relevant here, RPAPL 713 (1) provides for the maintenance of a summary proceeding to remove an occupant from “real property” (RPAPL 701 [1]) where the property “has been sold by virtue of an execution against him . . . and a title under the sale has been perfected.” In the case of a cooperative apartment, it is the cooperative corporation which owns the real property, and the tenant holds the shares in the cooperative corporation allocated to his apartment and a proprietary lease for his apartment. The sale of the shares and the lease is not a sale of the “real property” (RPAPL 701 [1]). Moreover, an “execution” is a “judicial writ founded on a judgment obtained in a civil action and issued in behalf of the party recovering the judgment for the purpose of carrying it into effect” (Seaman v Clarke, 60 App Div 416, 421 [1901]; see Matter of Shapiro, 13 *4 Misc 3d 1242[A], 2006 NY Slip Op 52295[U] [Sur Ct, Nassau County 2006]). As tenant’s shares and proprietary lease were sold at a nonjudicial sale, there has been no judgment and no “execution.” Thus, RPAPL 713 (1) also provides no basis for the maintenance of this proceeding.
For similar reasons, RPAPL 713 (5), which provides for the maintenance of a summary proceeding to recover “real property” (RPAPL 701 [1]) where “the property has been sold in foreclosure,” is unavailable here.
We note that if a new category of summary proceeding is to be created, it is for the legislature, not the courts, to create it (see Rosenstiel v Rosenstiel, 20 AD2d 71 [1963]).
Accordingly, the order is reversed and tenant’s motion to dismiss the petition is granted.
Iannacci, J.P, Marano and Tolbert, JJ., concur.