OPINION OF THE COURT
Per Curiam.
Final judgment, entered on or about June 7, 2013, affirmed, with $25 costs.
This holdover proceeding seeks to recover possession of a cooperative apartment occupied by respondent Kisshia Simmons. Respondent initially entered possession of the premises as a tenant pursuant to a 2005 proprietary lease agreement. Respondent subsequently defaulted on a loan secured by the shares and proprietary lease allocated to her apartment, and the shares and lease were then sold at a UCC article 9 nonjudicial sale. Petitioner is the purported assignee of the successful bidder at the sale. Petitioner then commenced this holdover proceeding, upon a 10-day notice to quit, alleging that respondent’s license to occupy the premises has expired.
We sustain the dismissal after trial of the holdover petition. A licensee holdover proceeding pursuant to RPAPL 713 (7) does *26 not lie in the circumstances here present, since respondent “entered into possession of the apartment premises as a tenant pursuant to a proprietary lease agreement” (Retained Realty Inc. v Zwicker, 46 Misc 3d 133[A], 2014 NY Slip Op 51852[U], *1 [App Term, 1st Dept 2014]; City Enters, v Posemsky, 184 Misc 2d 287 [2000]). “If that lease has been terminated . . . [respondent] is in possession as a holdover tenant. [S]he is not in occupancy pursuant to a license” (Federal Home Loan Mtge. Assn. v Perez, 40 Misc 3d 1, 3 [2013]). Indeed, so far as shown on this record, the nonparty cooperative neither terminated respondent’s lease nor issued a new lease naming petitioner as the “tenant-shareholder.” To the extent that the cooperative refuses to do so, petitioner’s remedy is in another forum at another time (see generally LI Equity Network, LLC v Village in the Woods Owners Corp., 79 AD3d 26 [2010]).
Petitioner also misplaces reliance upon RPAPL 713 (1), which permits a purchaser to commence a summary proceeding to remove an occupant where the “property has been sold by virtue of an execution against him . . . and a title under the sale has been perfected” (RPAPL 713 [1]). The notice to quit did not give adequate notice of such claim, even when we apply the liberal standard of “reasonableness” (see Metropolitan Transp. Auth. v Kura Riv. Mgt., 292 AD2d 230 [2002]; Spinale v 10 W. 66th St. Corp., 210 AD2d 85 [1994]). In any event, RPAPL 713 (1) finds no application here because the property sold, viz., the shares and proprietary lease, were “personal property” (see Matter of State Tax Commn. v Shor, 43 NY2d 151 [1977]; Silverman v Alcoa Plaza Assoc., 37 AD2d 166, 172 [1971]), not “real property” (RPAPL 701 [1]). “The sale of the shares and the lease is not a sale of the ‘real property’ . . . [t]hus, RPAPL 713 (1) . . . provides no basis for the maintenance of this proceeding” (Federal Home Loan Mtge. Assn. v Perez, 40 Misc 3d at 3-4).
Petitioner similarly misplaces reliance upon UCC article 9 as a basis to maintain this proceeding. “As the right to maintain summary proceedings did not exist at common law and is solely a creation of the statute, it applies only in those cases authorized by the statute” (Dulberg v Ebenhart, 68 AD2d 323, 328 [1979]). In the absence of any specific authority under RPAPL 713 (proceeding where no landlord-tenant relationship exists), the proceeding may not be maintained.
Lowe, P.J., Shulman and Hunter, Jr., JJ., concur.