OPINION OF THE COURT
Ira S. Clair, J.
*1161 Upon the within petition and its exhibits and the stipulation placed upon the record in open court and all of the proceedings hereto, it is decided and ordered as follows:
In this post foreclosure summary proceeding brought pursuant to RPAPL 713 (5), petitioner’s counsel and respondent with counsel appeared on the adjourned return date and indicated to the court on the record that a resolution had been reached whereby respondent would agree to the entry of a judgment and warrant with execution to be stayed through November 30, 2015. There was no other discussion, no answer had been filed and same took place on the first return date where both counsel appeared.
However, it was apparent to the court that the petition was potentially fatally defective in that the statutory condition precedent to a cause of action under said statute was not satisfied as per the petition and its attachments. The court indicated to the parties that it would take the joint motion for the entry of a judgment and warrant with said stay under advisement. Thus the questions before the court are: (1) is the petition fatally defective; (2) may the court enter a judgment and issue a warrant in accordance with the stipulation of the parties despite said fatal defect; and (3) if so, under what conditions may the court to do so.
The instant petition shows from the affidavit of service appended to it that the requisite exhibition of the referee’s deed required by RPAPL 713 (5) was accomplished simultaneously with and as part of the service of the 10-day notice to vacate in a manner that is commonly described as “suitable age and discretion” service. While the foregoing satisfies the statutory requirement to “serve” the 10-day notice to vacate, it is clear that the verb to “exhibit” has been held to mean something different from the verb to “serve” in this context. (Home Loan Servs., Inc. v Moskowitz, 31 Misc 3d 37 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011].) The Appellate Term, in reversing the lower court and granting the respondent’s motion to dismiss the petition, which showed the equivalent of “nail and mail” service to exhibit the referee’s deed, stressed the fact that the statute employs the term “exhibit” as opposed to “service” in regard to the deed.
In holding that the equivalent of substituted service was inadequate to “exhibit” the deed, the Appellate Term relied upon Colony Mtge. Bankers v Mercado (192 Misc 2d 704 [Sup Ct, Westchester County 2002]). Other cases which held differ *1162 ently were also pointed out, but it is clear that the Appellate Term found chief precedential value from Colony Mtge. Bankers, a case which considered the meaning of the term “exhibit” in the analogous scenario of an application for a writ of assistance and whether it was adequate to exhibit the deed by the equivalent of “suitable age and discretion” service. Although the court therein was considering the requirement of the foreclosure judgment which conditioned the issuance of a writ of assistance upon production of the referee’s deed, it reached the meaning of the word “exhibit” by holding that “production” was the equivalent of said term of art used in RPAPL 713 (5), and thus the analysis was totally on point regarding the issue before the Appellate Term. The Supreme Court cited several dictionaries to conclude that “exhibit connotes actual presentation to view the document.” (Colony Mtge. Bankers, 192 Misc 2d at 704.) It is therefore clear that Moskowitz requires the equivalent of personal in-hand service in order to accomplish the requisite exhibition of the referee’s deed, and it has been expressly held that the equivalent of “suitable age and discretion” service is inadequate to satisfy RPAPL 713 (5). (U.S. Bank N.A. v Eichenholtz, 37 Misc 3d 536 [Yorktown Just Ct 2012].)
The holding of Moskowitz is binding upon this court via the doctrine of stare decisis. (Investec Bank PLC v Elite Intl. Fin., Ltd., 42 Misc 3d 1207[A], 2014 NY Slip Op 50003[U] [Civ Ct, NY County 2014].) It is thus clear that the instant petition is defective and would either have been dismissed if respondent had moved for said relief or resulted in judgment for respondent if the facts alleged were those proven at trial.
The court is aware of two reported decisions in which it was determined that Moskowitz no longer applies and that less than personal in-hand exhibition of the referee’s deed was found adequate to satisfy RPAPL 713 (5). Hudson City Sav. Bank v Lorenz (39 Misc 3d 538 [Suffolk Dist Ct 2013]) and 1644 Broadway LLC v Jimenez (— Misc 3d —, 2015 NY Slip Op 25319 [Civ Ct, Kings County 2015]) each stressed two main points: public policy and the difficulty in securing possession engendered by Moskowitz. The latter case expressly relies upon the former opinion and thus it is appropriate to examine the first case and the basis upon which the District Court reasoned that stare decisis did not bind it to hold that substituted service was inadequate in exhibiting the referee’s deed.
The Lorenz court’s reasoning centered upon the dicta statement in the Moskowitz opinion — “in light of the strong policy *1163 prohibiting unlawful evictions” (31 Misc 3d at 38-39) — to conclude that it was said policy that was the logical heart of the decision. It is respectfully concluded that this is in error. The focus of the Moskowitz decision was not a policy driven determination, but an interpretation of the meaning of a statutory term within the context of recognizing the very limited jurisdiction of the court to act only under precise grounds and upon precise conditions as set forth in the several defined grounds authorized for summary proceedings among a myriad of other conceivable scenarios involving disputed possession of realty. An exception to the plenary action, the jurisdiction of the court in matters of summary proceedings is strictly limited to those grounds set forth in the statute which create the fast-tracked exception to the plenary action. (Federal Natl. Mtge. Assn. v Simmons, 48 Misc 3d 24 [App Term, 1st Dept 2015]; Stribula v Wein, 107 Misc 2d 114 [App Term, 1st Dept 1980]; see generally 2 Robert F. Dolan, Rasch’s Landlord & Tenant— Summary Proceedings § 29:13 [4th ed] [discussing this most basic principle].) Moreover, there is no room for analogizing Federal Home Loan Mtge. Assn. v Perez (40 Misc 3d 1 [App Term, 2d Dept, 9th & 10th Jud Dists 2013]) and it is axiomatic that strict construction is necessary in determining whether the requirement of each enumerated ground has been satisfied. It was thus necessary for the Appellate Term to determine the meaning of the term “exhibit,” which could not be the same as “serve” or the legislature would have used the same term in drawing the statute, in a linguistic sense only. Thus, Moskowitz concerned itself exclusively with the meaning of the term “exhibit” and comments concerning policy therein are mere dicta.
The Lorenz court acknowledged that the doctrine of stare decisis bound the court to follow the Appellate Term’s ruling, but expressly held that the legislature intervened, addressing the Moskowitz court’s public policy concerns not in directly amending RPAPL 713 (5), but in enacting RPAPL 1305. Thus, the excuse for not being bound by Moskowitz is based in the recognition that only the legislature or a higher court can provide relief from the binding impact of stare decisis. It is concluded that there has been no such legislative action that justifies a different reading of the statute than that made by the Appellate Term and that the Lorenz court impermissibly ignored the constraints of stare decisis.
First of all, it is plainly a mistake to view RPAPL 1305 as a legislative reaction to the Moskowitz decision. Moskowitz was *1164 handed down on February 14, 2011 and RPAPL 1305 had been the law of the land for more than one year. The statute was adopted in 2009 and became effective January 14, 2010. It is thus impossible to see RPAPL 1305 as a legislative “overruling” of Moskowitz and thus the byway around stare decisis in the Lorenz decision is really a dead end.
In the absence of a way to avoid stare decisis, it is not necessary to deal with other concerns, but it is still worthwhile to discuss the public policy comment of the Appellate Term in Moskowitz. Said comment refers to a 1981 bill, a time decades before the foreclosure crisis which was the genesis of a number of recent statutory reactions including RPAPL 1305. It appears that the 1981 bill related to a different subdivision of RPAPL 713. Thus, whatever policy concerns the Appellate Term had in mind in making said terse comment, it cannot be concluded that they have been satisfied by one of the foreclosure crisis statutes even if it had been enacted after the Moskowitz decision.
The spirit of the two “dissenting” decisions is primarily a recoil from the perceived difficulty in successfully bringing a summary proceeding after foreclosure due to the heightened difficulty in exhibiting the referee’s deed. Both cases sympathetically cite a commentator’s view that foreclosed occupants would be unduly advantaged if the statute requires a higher form of service than that for the notice of petition. There is a comment in Lorenz that such foreclosed occupants already received due process in the plenary foreclosure action. Thus, the thrust of the two “dissenting” opinions is that the legislature could not have meant to make it harder to exhibit than to serve. It is concluded, however, that it is error to base the interpretation of a term in such a statute upon the practical effect of an interpretation when the meaning is so plainly clear and it is also a perfectly logical possibility that the legislature could have meant exactly that. The task at hand is to determine the meaning of the term and nothing more, and thus perceived difficulties of a practical nature, or perhaps a perception of undue advantage, arising from an interpretation must be set aside. Certainly, they do not provide an avenue around the clear doctrine of stare decisis.
Although it need not be said, it may assuage such concerns that the perceived practical difficulty is an illusion. A party seeking to recover possession of real property after foreclosure has two independent choices. If the summary proceeding path *1165 is followed, then the statute which creates the ground must be strictly followed. On the other hand, if a party seeks a writ of assistance, it does so by motion within the same plenary action which saw the foreclosure and thus the flexibility which prevails throughout plenary actions prevails. There is no mention whatsoever in RPAPL 221 concerning a requirement to exhibit a referee’s deed. Rather, it is the foreclosure judgment itself which imposes any such requirement. In short, there is recourse that is neither burdensome nor time consuming if a party encounters difficulty in prosecuting a summary proceeding pursuant to RPAPL 713 (5).
In light of the foregoing, it is concluded that the instant petition is defective in that the requisite exhibition of the referee’s deed was accomplished not by personal exhibition, but by the equivalent of “suitable age and discretion” service, and that the doctrine of stare decisis is binding on this court in this regard.
Turning to the second question before the court, may a judgment and warrant be entered upon the stipulation of the parties nevertheless? (See for instance 1796 Nostrand Ave., LLC v Gabriel, 47 Misc 3d 141 [A], 2015 NY Slip Op 50618[U] [App Term, 2d Dept. 2d, 11th & 13th Jud Dists 2015].) Obviously stipulations are to be greatly favored. (Hernco, LLC v Hernandez, 46 Misc 3d 137[A], 2015 NY Slip Op 50062[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; 26-44 Lincoln Ave., LLC v Iranian Jewish Ctr. of Roslyn, Inc., 25 Misc 3d 1221 [A], 2009 NY Slip Op 52230[U] [Nassau Dist Ct 2009]; Matter of Blackstock v Price, 51 AD3d 914 [2d Dept 2008].) On the other hand, it is clear that parties may not stipulate to subject matter jurisdiction in a summary proceeding when same does not exist. (See generally 2 Robert F. Dolan, Rasch’s Landlord & Tenant — Summary Proceedings § 29:12 [4th ed].) The question then is whether there is an absence of subject matter jurisdiction herein in light of the specific defective allegations of the within petition.
Subject matter jurisdiction does not turn on the particular facts of a case, but on the type of case. (Cerbone v Cerbone, 104 Misc 2d 472 [Civ Ct, Bronx County 1979]; Pecenik v Adam, 107 Misc 2d 488 [Hous Part, Civ Ct, Kings County 1981].) While a “failure to comply with statutory or contractual requirements for service of a predicate notice may implicate a condition precedent to a summary proceeding!, such failure] does not affect a court’s subject matter jurisdiction.” (Hernco, LLC v Hernandez, 2015 NY Slip Op 50062[U], *3, quoting 716 Realty, *1166 LLC v Zadik, 38 Misc 3d 139[A], 2013 NY Slip Op 50194[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013].) Further, if the result of a defect such as that at bar will be a dismissal without prejudice to commence a new proceeding after correctly satisfying the statutory condition precedent, then subject matter jurisdiction exists. Essentially the defect at hand is a question of fact, not one of jurisdiction and, as such, can be settled by stipulation.
Turning to the final question, should this stipulation be enforced despite said defect even though there is subject matter jurisdiction? It is noted that the cases which consider stipulations that are subsequently challenged all note both the importance and binding nature of stipulations provided they are advisedly entered into. (Hernco, LLC v Hernandez.) The Court of Appeals has made it clear that stipulations may be attacked on the same grounds which would justify the rescission of a contract, including mistake, and that the mistake need not be mutual. In quoting Foote v Adams (232 App Div 60, 63 [1931]) the Court of Appeals stated that
“[i]t is sufficient if it appears that either party has inadvertently, unadvisably or improvidently entered into an agreement which will take the case out of the due and ordinary course of proceeding in the action, and in so doing may work to his prejudice. Where both parties can be restored to substantially their former position the court, as a general rule, exercises such power if it appears that the stipulation was entered into inadvisedly or that it would be inequitable to hold the parties to it.” (Matter of Frutiger, 29 NY2d 143, 150 [1971] [internal quotation marks and citations omitted].)
Much more recently, and to the point in that the case involved a summary proceeding, the Appellate Term did not hesitate to include within the ambit of unilateral mistake a mistake by a party’s attorney in setting aside a stipulation that was unadvisedly entered into. (Park Props. Assoc., L.P. v Williams, 38 Misc 3d 35 [App Term, 2d Dept, 9th & 10th Jud Dists 2012].)
In applying the foregoing to the considerations before the court, it is unknown whether the within stipulation was entered into with an informed waiver of the petition’s fatal defect. Rather than face the possibility of a post facto application to set aside a stipulation, and while it is far easier to restore the parties to their pre-stipulation position and to avoid the court being the instrument of an eviction which would be *1167 the subject of the policy concerns articulated in Moskowitz, the entry of judgment and warrant upon the stipulation of the parties shall be held in abeyance pending further proceedings herein.
It is therefore ordered that the clerk of the court shall schedule a hearing at the earliest possible date that is mutually convenient for the parties for further consideration of the parties’ stipulation and as otherwise may be required.