Castle Peak 2012-1 REO, LLC, Appellant,
against
New York Foundation for Senior Citizens, Guardian Services, Inc., as Guardian for Lucretia Hall, Respondents, and Rudolph Hall, Rodger Hall, Katrina Wiley, Tisha Lewis, Richard Hall, Camille Hall, Lucreasha Hall, et al., Occupants.




Stern & Eisenberg, P.C. (Anthony P. Scali and Margaret J. Cascino of counsel), for appellant.
Morris K. Mitrani, Esq., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Queens County (Joel R. Kullas, J.), entered April 7, 2017. The order denied petitioner's motion to vacate a stay in a purported RPAPL 713 (5) summary proceeding.




ORDERED that the order is affirmed, without costs.
Petitioner, which describes itself as a purchaser in lieu of foreclosure, commenced this summary proceeding purportedly pursuant to RPAPL 713 (5) and, in a stipulation of settlement, obtained a final judgment of possession as against occupant Lucretia Hall with the consent of her Mental Hygiene Law article 81 guardian. Following a nonjury trial against the remaining occupants, at which Hall and one of the other occupants testified that Hall had not consented to the stipulation, the Civil Court awarded petitioner a final judgment of possession against the other occupants. However, the court noted that the stipulation, although signed by her guardian, had not been signed by Hall and that the order appointing the guardian authorized the guardian to, among other things, relocate Hall "to a suitable place of abode . . . with [Hall's] consent." [*2]Concerned that the guardian may have exceeded its authority in entering into the stipulation, the court stayed the execution of the warrant until it was provided with suitable proof that the guardian had obtained permission from the Supreme Court to surrender Hall's "possessory interest." Petitioner appeals from a subsequent order denying its motion to lift that stay, on the ground that petitioner had not provided the suitable proof.
We affirm, albeit on a different ground. There is no provision in the RPAPL which allows for the maintenance of a summary proceeding by a purchaser in lieu of foreclosure. RPAPL 713 (5) allows for a proceeding by the holder of a deed only where that deed was delivered pursuant to a foreclosure sale, which did not occur here. The parties cannot by consent create a summary proceeding where the legislature has not provided for one. "As the right to maintain summary proceedings did not exist at common law and is solely a creation of statute, it applies only in those cases authorized by the statute" (Dulberg v Ebenhart, 68 AD2d 323, 328 [1979]; see Rosenstiel v Rosenstiel, 20 AD2d 71 [1963]; Federal Home Loan Mtge. Assn. v Perez, 40 Misc 3d 1, 4 [App Term, 2d Dept, 9th & 10th Jud Dists 2013]). Under these circumstances, we decline to enforce the stipulation.
Accordingly, the order is affirmed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 24, 2019