GEORGE WINTER, Individually, as Executor, and as Sole Surviving Partner, etc., Respondent, *v.* MARGARET ECKERT et al., Appellants.

An application to set aside a sale made in pursuance of a judgment, in an equitable action, is addressed to the discretion of the court, and an order.

denying the application, where an abuse of this discretion is not shown, is not reviewable here..

Where such a judgment directs a sale of personal property, at a place where the presence of the property is impracticable, the judgment is conclusive upon the parties, and as to them the fact that the property was not present does not affect the validity of the sale.

(Argued June 28, 1883 ; decided October 2, 1883.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made October 25, 1882, which affirmed an order of Special Term denying a motion, on the part of the defendants, to set aside a sale had in pursuance of the judgment in this action.

This action was brought by plaintiff individually, as sole surviving partner of the firm of Eckert & Winter, and as one of the executors of the will of William Eckert, the deceased partner, against the other executor, who refused to join as plaintiff, and the beneficiaries under the will, among other things, to close up the affairs of the partnership.

The judgment directed the sale of the partnership property, real and personal, at public auction, "at the Exchange salesrooms, number 111 Broadway, in the city of New York." The firm carried on the brewery business, and the personal property consisted principally of stock on hand, horses, wagons, good-will, etc.

Further facts appear in the opinion.

*Edward Fitch* for appellants. The notice of sale was insufficient and misleading as to the personal property. (*King v. Platt*, 37 N. Y. 155 ; Rorer on Judicial Sales, 52; 19 Ill. 156.) In sales under executions the Code provides that personal property must be in view at the time of the sale. (Code, § 1428.) The order was appealable. (*King v. Platt*, 37 N. Y. 155 ; *Howell v. Mills*, 53 id. 322 ; *Fisher v. Hersey*, 78 id. 387 )

*Wheeler De F. Edwards*, guardian *ad litem* for infant defendant. Courts will not confirm a sale where the advertise-

ment is not calculated to give publicity and secure competition. (Rorer on Judicial Sales, 52; *Fisher* v. *Hersey*, 78 N. Y. 387.) If the assets of the firm could not have been taken to the Exchange sales-room, they should at least have been free to examination. Times and places of exhibition should have been specified. (Code of Civil Procedure, § 1428.)

*Samuel Untermeyer* for respondent. The order appealed from is one resting in the discretion of the court, and is not appealable. (*Peck* v. *N. Y. & N. J. Ry. Co.*, 85 N. Y. 246; *Hale* v. *Clauson*, 60 id. 339; *Crane* v. *Stiger*, 58 id. 625; *Hazleton* v. *Wakeman*, 3 How. Pr. 357; *Buffalo Bk.* v. *Newton*, 23 N. Y. 160; *Wakeman* v. *Price*, 3 Comst. 334; *Dows* v. *Congdon*, 28 N. Y. 122.) The notice of sale fully and sufficiently describes the character of the personal property intended to be sold. (Code of Civil Procedure, § 1947.) It was not necessary that the personal property should be present at the sale. (Code of Civil Procedure, § 1428.)

RUGER, Ch. J. This appeal is taken by the heirs and legatees of William Eckert, deceased, from an order made in the above-entitled action, confirming a referee's report of sale, and also from an order denying a motion to set aside a sale of the property formerly belonging to the firm of Eckert & Winter.

The sale was conducted under the direction of a referee duly appointed by the court to make it, and in accordance with the terms prescribed by the judgment authorizing the same.

The judgment was pronounced in an action in which George Winter, in his several capacities as one of the executors of William Eckert, deceased, as survivor of the firm of Eckert & Winter, and individually was plaintiff, and all and each of the present appellants, either as heirs, legatees, widow or co-executor of William Eckert, deceased, were defendants.

This judgment remains in full force as a binding adjudication upon all of the parties to the action, and conclusively determines as between them, not only the necessity and propriety

of, but the place and manner of a sale of the property, including the conjunctive sale of the real and personal property therein described, at a place where the presence of the personal property on such sale was entirely impracticable.

Nothing appears in the record showing that the sale was not conducted in strict conformity with the directions of the judgment and the rules of law regulating such sales.

The order of the General Term affirming the order of the Special Term confirming the referee's report of sale should, therefore, be affirmed.

The application to the court below to reopen and order a resale of the property was properly denied.

The moving papers did not show that the property was sold at an inadequate price, or that a larger price could reasonably be expected to be obtained upon a resale. On the contrary it appeared that there was a large attendance of buyers at the sale; that bidding was spirited and the prices obtained were satisfactory to the present appellants at the time of the sale. It conclusively appeared that the sale was fairly conducted, upon a notice that contained all that was fairly necessary to apprise intended purchasers of the character and quality of the advertised property, and that every facility was offered to buyers upon the sale to instruct them properly before making their bids.

The question presented upon this application was addressed to the discretion of the court below, and we think, in the exercise of that discretion, the motion was correctly disposed of.

However that may be, we have no power to review their decision of that question, and the order refusing to reopen the sale is not appealable to this court.

That appeal should be dismissed, and the order affirming the referee's report of sale affirmed, with costs of both appeals to respondent.

All concur, except ANDREWS, J., absent.

Appeal dismissed.