Benjamin E. Lander, J.
The issue presented herein is one of first impression.
On November 26, 1974, certain premises, together with the improvements thereon, were sold to Till Holding Company through a foreclosure sale conducted pursuant to a judgment of foreclosure and sale issued on October 1, 1974 by a Justice of the Supreme Court of the State of New York, County of New York. A referee’s deed to the property was duly recorded on December 9, 1974 in the Office of the Clerk of the County of New York. The petitioner then instituted the instant action in order to obtain possession of the property purchased at the foreclosure sale, contending that the respondent continues in possession of the said premises without the permission of the petitioner and contrary to a notice to quit.
At the conclusion of the respondent’s case, both sides rested. The respondent thereupon moved to dismiss the petition for failure to comply with section 713 of the Real Property Actions and Proceedings Law. According to this section:
"A special proceeding may be maintained under this article after a ten-day notice to quit has been served upon the respondent in the manner prescribed in section 735, upon the following grounds: * * *
"5. The property has been sold in foreclosure and the deed delivered pursuant to such sale has been exhibited to him”.
The deed exhibited in the present case was a photostatic copy. The respondent claims that only the original deed is sufficient to meet the requirements of the Real Property Actions and Proceedings Law (§ 713, subd 5) and that, therefore, the petition is defective. The petitioner argues that the statute at issue is aimed at providing notice to a person whose eviction is being sought that the party attempting to oust him is the rightful owner and that this purpose is satisfied through use of a photostatic copy.
However,. section 312 of McKinney’s Statutes (McKinney’s Cons. Laws of NY, Book 1) states that: "Generally, a statute which takes the property of one person without his consent *358 for the benefit of another is in derogation of common right and should be strictly construed,” and proceedings designed to accomplish such result must be strictly pursued or the owner will not be divested of his property (Stilwell v Swarthout, 81 NY 109; Matter of Water Comrs. of Amsterdam, 96 NY 351; and Matter of Rochester Elec. Ry. Co., 123 NY 351). In addition, the instant case is a summary proceeding, and it "has been said often that the body of law governing summary proceedings must be interpreted in a strict, exact, and unyielding manner, even at the risk, sometimes, of the denial of equitable justice.” (Murawski v Melkun, 71 Misc 2d 575, 576-577.)
The petitioner cites CPLR 2101 (subd [e]) in support of the proposition that service of a copy is permissible whenever an original document would otherwise be mandated. CPLR 2101 (subd [e]) provides that copies of all papers, orders, affidavits and exhibits may be served or filed, except where otherwise specifically prescribed and that where it is required that the original be served or filed, the court may authorize a copy to be served or filed in instances in which the original is lost or withheld. It is the view of this court that subdivision 5 of section 713 of the Real Property Actions and Proceedings Law is just such a situation where it is required that the original be served and that the term "the deed” referred to in the Real Property Actions and Proceedings Law (§ 713, subd 5) means exactly that — the original deed.
Consequently, respondent’s motion to dismiss is granted without prejudice to renew upon compliance with this decision.