■ LINCOLN FIRST BANK, N. A., Plaintiff, v ELAINE POLISHUK et al., Defendants, KATHLEEN HIMMELEIN, Respondent, and EDWARD GILBERT, Appellant. — In an action to foreclose a mortgage on real property, in which Edward Gilbert purchased the property at the foreclosure sale, the appeal is from an order of the Supreme Court (Dickinson, J.), dated September 8, 1981 and entered in Westchester County, which denied Gilbert's motion, *inter alia,* to eject defendant Himmelein from the subject premises. Order reversed, on the law, without costs or disbursements, and appellant's motion is granted. Defendant Himmelein shall vacate the premises within 60 days after service upon her of a copy of the order to be made hereon, with notice of entry. The record reveals that appellant purchased the subject premises at a foreclosure sale on May 21, 1981, pursuant to a judgment of foreclosure and sale in which Kathleen Himmelein was named as a defendant. The judgment specifically provided as follows: "Ordered that the purchaser or purchasers at said sale be let into possession on production of the referee's deed or deeds, and it is further Ordered, Adjudged and Decreed that each and all of the defendants in this action and all persons claiming under them after the filing of the amended notice of the pendency of this action, be and they hereby are forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in said mortgaged premises, and each and every part thereof." On July 1, 1981 appellant received and recorded a deed from Joseph Lichtenthal, and the referee named in the judgment of foreclosure and sale. On July 2, appellant exhibited to Himmelein copies of the referee's deed and of the judgment, and he demanded possession of the premises. When Himmelein refused to vacate, appellant made the instant motion. Special Term denied the motion on the ground that the "motion is in improper form * * * Since this deals with Gilbert as owner and is subsequent to the foreclosure action, [Gilbert] cannot bring this within the * * * caption [of the foreclosure action]." There should be a reversal. We hold that this matter was properly brought at Special Term under the caption of the foreclosure action. Himmelein had sufficient notice of the foreclosure action, and appellant complied with section 221 of the Real Property Actions and Proceedings Law. Thus, his application for a writ of assistance should have been granted. There is no queston that Himmelein was a party to the foreclosure action (see *Herrmann v Cabinet Land Co.,* 217 NY 526). It also appears without contradiction that Himmelein was duly notified

of appellant's purchase of the premises, and that he would require possession during the month of June, 1981. The deed was shown to Himmelein and a demand made for her to vacate the premises. Since appellant's demand was refused, he correctly moved at Special Term to compel delivery of possession by writ of assistance. Himmelein's arguments that appellant's deed of conveyance was subject to her tenancy since she was on public assistance, and that the term of her tenancy was to last until her daughter graduated from high school are without merit. Damiani, J. P., Lazer, Cohalan and Bracken, JJ., concur.