OPINION OF THE COURT
Eli Wager, J.
In this action to recover real property pursuant to RPAPL 601 and 631 both the plaintiff tenant and the defendant landlord move for summary judgment.
The plaintiff tenant asserts in its complaint that on March 2, 1983 when it was in possession of the leased premises whereon it operated a restaurant the Sheriff of Nassau County conducted an execution sale of certain of its chattels on behalf of its judgment creditors. The sale was conducted on the premises and lasted for no longer than one hour. In spite of the sale, plaintiff elected to remain in possession and on March 3, 1983 tendered payment of the March rent to the defendant who accepted the check “under protest” and then proceeded to change the locks and exclude plaintiff from the premises. Asserting that the defendant has thus breached the lease, plaintiff seeks to recover possession or an award of money damages.
The defendant landlord alleges as an affirmative defense that plaintiff “defaulted” under the lease as follows: “[I]t *258 failed to pay the rent for the month of March, 1983, it abandoned the premises, it ceased to operate its restaurant business, it permitted the premises to be occupied by someone other than the tenant, it permitted the Sheriff to execute upon and sell all of the plaintiff’s furniture, fixtures, equipment and chattels, rendering impossible the further conduct of plaintiff’s business, it cancelled the insurance coverage for the premises, it permitted electrical service and other utilities to the premises to be cancelled by failing to pay utility charges for a period of approximately four months, and has generally endangered and jeopardized the premises by failing to properly maintain the same, and as a result of the foregoing the defendant as landlord and owner of said premises peaceably and without objection on the part of the plaintiff reacquired possession thereof.”
The lease (between defendant and plaintiff’s assignor) is dated December 5,1977 and had a term of 15 years with an option to renew for an additional 10 years. Two of its provisions which are pertinent to the instant dispute are contained in paragraph 17(2b) and paragraph 53 of an annexed rider. Paragraph 17(2b) provides as follows: “[I]f any execution or attachment shall be issued against Tenant or any of Tenant’s property whereupon the demised premises shall be taken or occupied by someone other than Tenant * * * Landlord may without notice, re-enter the demised premises and dispossess Tenant by summary proceedings or otherwise”. Paragraph 53 of the rider provides that: “Notwithstanding the provisions of Article 17 of this lease to the contrary, the Tenant shall have a grace period of ten (10) days after the due date of the payment of rent or additional rent within which to make the required payment, and shall receive a twenty (20) day written notice from the Landlord of any default other than nonpayment. The failure to make any such payment or cure any other default before the expiration of such time periods shall constitute a default hereunder.”
The defendant landlord appears to concede that the notice and cure provisions of paragraph 53 are applicable to all the defaults alleged in its answer with the exception of the assertion that the plaintiff “permitted the premises *259 to be occupied by someone other than the tenant” when the Sheriff conducted the execution sale of plaintiff’s chattels, thus invoking paragraph 17(2b) which it construes as a conditional limitation. Plaintiff contends that paragraph 17(2b) is modified by the notice and cure provisions of paragraph 53 and urges that in any event the premises were not “taken or occupied by someone other than the tenant” within the meaning of paragraph 17(2b).
With respect to the issue of modification, the copy of the lease in evidence shows that the final clause in paragraph 17 has been crossed out. That clause provided for a waiver by the tenant of notice of the landlord’s intention to reenter or to institute legal proceedings to that end. Whether the provision was eliminated as a result of the parties’ execution of the rider providing for notice and an opportunity to cure any default “notwithstanding the provisions of Article 17 of this lease to the contrary” is not clear. The landlord’s contention that paragraph 53 is not applicable because it did not proceed on a default (even though it used the word in its answer) but on a conditional limitation is puzzling since a provision that a lease shall automatically expire upon the lapse of time in which to cure a default may constitute a conditional limitation just as well as a provision that a lease shall terminate upon the happening of any other event (see Rasch, NY Landlord & Tenant, Summary Proceedings, § 751).
However, even though the issue of modification cannot be summarily determined, the issue need not be reached if in fact the Sheriff’s conduct of an execution sale upon the premises did not constitute a taking or occupation within the ambit of paragraph 17(2b).
“ ‘To occupy’ ” means “ ‘to take and hold possession of’ ” or “ ‘have in possession and use’ ” (Thieme v Niagara Fire Ins. Co., 100 App Div 278, 281), and an “occupant” is one who holds possession and exercises dominion (G. M. G. Realty Co. v Spring, 191 Misc 334). “To occupy” is also defined to mean “to tenant”, “to reside”, “to inhabit” (67 CJS, Occupy, p 197) and, in landlord-tenant law at least, connotes a possessory interest whereby the occupant will hold or use for more than brief periods of time (see Mihil Co. v Paradiso, 107 Misc 2d 867). It appears that the
*260 conduct of an execution sale of personal property does not constitute an occupation of the premises whereon the sale is conducted as the term is used in landlord-tenant law. Furthermore, CPLR 5233 (subd [a]) directs the Sheriff to sell personal property “at public auction at such time and place * * * as in his judgment will bring the highest price” and the only direction as to place is that the sale must be at a location which is accessible to the public (6 Weinstein-Korn-Miller, NY Civ Prac, par 5233.03; see, e.g., Manhattan Taxi Serv. Corp. v Checker Cab Mfg. Corp., 253 NY 455; Earle v Gorham Mfg. Co., 2 App Div 460; Winter v Eckert, 93 NY 367). Clearly the statute does not envision that the legal status of the premises wherein or whereon the sale is conducted will be affected. To be distinguished are those cases where premises are used for some purpose other than merely the site of a sale, as, for example, where the debtor’s premises are used for extended periods of time for “warehousing” the personal property to be sold (see, e.g., Hudson Val. Sand & Stone Co. v State of New York, 57 AD2d 344, where the State, having padlocked the premises for a period of years in contemplation of an auction of personal property, was said to have been in “possession and control” of the premises).
Similarly, a temporary intrusion or transient encroachment does not constitute a “taking” (see Mickel v State of New York, 77 AD2d 794).
Since the leased premises at issue here were not “taken or occupied by someone other than Tenant” as a result of execution on defendant’s personal property (excluding the lease itself), the condition in paragraph 17(2b) was not triggered and thus the landlord had no right to reenter without giving the notice required by paragraph 53.
Accordingly, the defendant’s motion for summary judgment is denied. The plaintiff’s cross motion for summary judgment is granted and the matter will be set down for an assessment, of damages upon the filing of a note of issue and payment of any required fee.