■ LINCOLN SAVINGS BANK, Plaintiff, v ISAAC WARREN et al., Appellants, and ROBERTS EQUITIES, LTD., Nonparty Respondent.—In an action to foreclose a mortgage on real property, the defendants appeal from an order of the Supreme Court, Nassau County (Becker, J.), dated July 5, 1989, which granted the motion of Roberts Equities, Ltd., assignee of the purchaser at the foreclosure sale, to direct the Sheriff of Nassau County to put it in possession of the foreclosed premises.

Ordered that the order is reversed, without costs or disbursements, and the motion is denied.

The defendants, who lost title to the subject premises by judgment in this foreclosure action which directs that the purchaser at the foreclosure sale be let into possession on production of the Referee's deed, correctly assert that the

order appeared from is in the nature of a writ of assistance *(cf.,* RPAPL 221). Prior to the issuance of such a writ, the Referee's deed should have been exhibited to and possession demanded from them *(see, Kilpatrick v Argyle Co.,* 199 App Div 753, 758; *cf.,* RPAPL 713 [5]). Although it was proper for the purchaser's assignee to seek possession by application to Supreme Court in this action *(see, Lincoln First Bank v Polishuk,* 86 AD2d 652), annexing the deed to the order to show cause which authorized service of the moving papers on the defendants' attorney was inadequate *(see, Lincoln First Bank v Polishuk, supra).* Moreover, the application to direct the Sheriff to put the purchaser's assignee in possession does not constitute an appropriate demand that the defendants vacate the premises. Thus, the Supreme Court should not have granted the application on the basis of the papers then before it *(cf., Lincoln First Bank v Polishuk, supra;* RPAPL 221). We note, however, that the purchaser's assignee is not precluded from making a new, properly premised application. Spatt, J. P., Sullivan, Harwood and Balletta, JJ., concur.