OPINION OF THE COURT
Joan B. Lefkowitz, J.
Plaintiff, the purchaser of the residential premises at a foreclosure sale, moves for a writ of assistance (RPAPL 221). Defendant Kingsford cross-moves to vacate the judgment for failure to properly serve him with process.
Plaintiff served a 10-day notice to quit upon the occupants of the premises along with a certified copy of the deed by personal service upon defendant Mercado and substituted service under CPLR 308 (2) (see RPAPL 735 [1]) on the other occupants. Defendant Kingsford contends that the certified copy of the deed was not exhibited to him as required by law.
*705 The judgment of foreclosure requires “production” of the referee’s deed. “Production” means the act of exhibiting. (Webster’s Third New International Dictionary 1810.) Section 713 (5) of the RPAPL provides that a special proceeding to recover possession of property may be instituted after a 10-day notice to quit has been served where the property was sold in foreclosure and a certified copy of the deed “exhibited” to the person in possession. Absent exhibition, the writ of assistance may not issue. (Lincoln Sav. Bank v Warren, 156 AD2d 510 [2d Dept 1989].)
To exhibit connotes actual presentation to view the document. (Black’s Law Dictionary 573 [6th ed]; 15A Words & Phrases, Exhibit et seq. at 365-367; Webster’s Third New International Dictionary 796.) Exhibit is derived from the Latin and means to hold out. (New Oxford American Dictionary 595.)
At bar, it is clear that a certified copy of the deed has not been exhibited, as that word is commonly used and understood, to the occupants who received substitute service. Therefore, the plaintiff has not yet met the statutory requirements for issuance of a writ of assistance. Plaintiffs motion is denied.
The cross motion is granted to the extent that a traverse hearing shall be held regarding whether defendant Kingsford was properly served with process. Defendants shall serve and file a note of issue with the county clerk, on notice, copy to the clerk of the Trial Assignment Part (with a copy of this decision), within 20 days after service of a copy of the order to be entered with notice of entry, which service shall be made within 20 days hereof. Thereafter, counsel for the parties shall meet with the clerk of the Trial Assignment Part in room 800 on September 30, 2002 at 10:00 a.m. to schedule the hearing. If it is determined that process was properly served or that defendants do not timely file the note of issue and attend the conference, the cross motion is denied. If it is determined that process was not properly served, the cross motion is granted.