*318 OPINION OF THE COURT
Arnold P. Etelson, J.
In this holdover summary proceeding brought by the purchaser at a foreclosure sale of the subject premises, one of the parties in the foreclosure proceeding and presently an occupant of the premises moves to dismiss the petition on two grounds. The first ground is that a certified copy of the foreclosure deed was not personally exhibited to him with the statutory 10-day notice (RPAPL 713 [5]). The second ground is that petitioner’s attorney did not have the authority to sign and issue the 10-day notice. Respondent Elieser Friedman, the mortgagor, appeared belatedly in this proceeding by an attorney who joins in the motion. Respondent Joseph Friedman’s wife, Edith Friedman, also belatedly appears by Joseph Friedman’s attorney and joins in the motion. Elieser Friedman and Joseph Friedman were parties in the foreclosure proceeding. Joseph Friedman was served by personal delivery and Elieser Friedman and Edith Friedman by substituted service in this proceeding.
The first ground is posited upon the case of Colony Mtge. Bankers v Mercado (192 Misc 2d 704 [2002]), a Supreme Court, Westchester County, decision. That case held that in order for a writ of assistance to be granted in a foreclosure proceeding a certified copy of the foreclosure deed had to be exhibited to the person against whom possession was sought and that substituted service was insufficient. The decision directed a traverse hearing to determine how one of the occupants was served. It is interesting to note that the decision does not specifically state that personal delivery is required, though implied, and it is therefore unclear why a traverse was scheduled where clearly the occupant was not displayed a copy of the deed.
The case (Colony at 705) cites Lincoln Sav. Bank v Warren (156 AD2d 510 [1989]) in which the deed was served with an order to show cause seeking a writ of assistance with service upon defendant’s attorney which was held to be faulty.
A writ of assistance is sought pursuant to RPAPL 221 which has no requirement of exhibiting the deed or a certified copy. Case law has established the requirement of somehow exhibiting the deed. The procedure and that of RPAPL 713 (5) is discussed in chapter 18 of Mortgage Foreclosures in New York by Bruce J. Bergman.
Petitioner maintains that there is no recorded case in New York requiring personal delivery of the deed other than Colony and that it would frustrate the eviction procedure by respon *319 dents secreting or otherwise making themselves unavailable for service. In effect, a higher standard of service would be required than service of the notice of petition and petition itself. This court in Fleming v Flanagan (178 Misc 2d 723 [1998]), cited in 3 Dolan, Rasch’s Landlord and Tenant — Summary Proceedings § 45:14 (2004 Pocket Part, at 20 n 38 [4th ed]) and Siegel, New York Practice § 575 (at 953 n 21 [3d ed]), has already held that a money judgment can be obtained in a summary proceeding without personal delivery or waiver by appearance, recognizing that such holding represents a minority view in New York.
The Colony case is a Supreme Court case in the Second Department in which this court is located and if that case involved a summary proceeding this court would be bound by same. The holding is, however, dictum, and this court is not so bound. The precedent of such a holding in this court would be inconsistent with the nature of a “summary” proceeding.
Furthermore, there are distinctions in the two procedural methods of gaining possession. The writ of assistance is discretionary (Bergman at 501-503; see also Long Is. City Sav. & Loan Assn. v Levene, 138 NYS2d 573, 577 [1955] [“The granting of a writ of assistance lies in the discretion of the court and consideration must be given to the relative equities of the particular situation(s)”]). No such discretion lies in the summary proceeding court. Also, the writ of assistance is not available against a person not a party to the foreclosure proceeding. Mr. Bergman in an article appearing in the New York Law Journal on October 9, 2002 (Obtaining Possession, A Glitch in Eviction After Foreclosure, at 5, col 2) discusses the Colony case as a caveat to attorneys preparing the wording in a foreclosure judgment relative to the direction as to how to inform the defendant of the existence of the prospective foreclosure deed. The caveat, however, is not relevant to the petitioner who seeks to evict an occupant not a party in the foreclosure proceeding and therefore relegated to a summary proceeding.
The court holds that a 10-day notice with a certified copy of the deed annexed thereto served upon an occupant by personal delivery or substituted service satisfies RPAPL 713 (5).
In the case at bar, petitioner’s attorney was substituted in the foreclosure proceeding for prior counsel on July 12, 2004. Attorneys representing the respondents in this summary proceeding were also attorneys of record for the same clients in the foreclosure proceeding and were sent copies of the consent for substitution of attorney. Petitioner’s attorney issued the notice *320 of sale for September 29, 2004 bearing his name as attorney for plaintiff, the mortgagee. The referee’s deed was signed that day with a notation to record and return to petitioner’s attorney. The grantee, however, is a subsidiary of the plaintiff. The 10-day notice to quit recites the address of the premises, the fact that it was sold to petitioner upon the foreclosure of the mortgage, recited the mortgagor and date of mortgage, the default, the foreclosure action, foreclosure judgment, sale and delivery of the deed to petitioner and references a certified copy of the deed annexed to the notice, retention by petitioner of petitioner’s attorney to represent it, and demand for possession in default of which legal proceedings to evict would be commenced pursuant to article 7 of the RPAPL. Service was made in excess of 10 days before the November 10th date to vacate.
The court holds that petitioner’s attorney was clothed with authority to issue the 10-day notice by virtue of his prior activity known by the respondents and/or their attorneys.
The motion is denied. Petitioner shall have judgment of possession and warrant of possession signed herewith, respondents to be removed on or after March 1, 2005.