OPINION OF THE COURT
Scott Fairgrieve, J.
Petitioner IFS Properties LLC commenced this holdover *371 proceeding against respondent Brian Willins concerning 769 DeMott Avenue, also known as 769 Centennial Avenue, North Baldwin, New York. Petitioner bases this summary proceeding pursuant to RPAPL 713 (5). Petitioner acquired title through the special/limited warranty deed, dated June 12, 2012 from Countrywide Bank, by Bank of America, N.A., successor by merger. The deed was accompanied by a California All-Purpose Acknowledgment dated June 12, 2012.
Paragraph 2 of the petition states that respondent is an occupant of the said premises. The petition further states that the property “has been sold in foreclosure and a certified copy of the deed has been exhibited to you.”
Paragraph 4 of the petition states that the term for respondent to vacate the property expired on March 23, 2013.
The deed exhibited to respondent was the special/limited warranty deed, dated June 12, 2012. The deed from the foreclosure was not exhibited to respondent. RPAPL 713 (5) states:
“Subject to the rights and obligations set forth in section thirteen hundred five of this chapter, the property has been sold in foreclosure and either the deed delivered pursuant to such sale, or a copy of such deed, certified as provided in the civil practice law and rules, has been exhibited to him.”
Petitioner contends that it complied with RPAPL 713 (5) by exhibiting the special/limited warranty deed. Respondent replies that the foreclosure deed must be exhibited.
This is a case of first impression. Does the exhibiting to respondent of the deed by which petitioner acquired title (not the deed from foreclosure) satisfy the requirements of RPAPL 713 (5)?
This court rules that the failure to exhibit the referee’s deed to respondent constitutes a fatal error requiring that this matter be dismissed without prejudice to renew upon compliance with all applicable statutes.
The courts of this state require that the referee’s deed be exhibited to the respondent. See Home Loan Servs., Inc. v Moskowitz (31 Misc 3d 37, 38-39 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]), wherein the court stated:
“While this statute provides that a notice to quit may be served in the same manner as a notice of petition and petition, it does not make the same provision for the referee’s deed. Instead, the statute specifically requires that the deed be ‘exhibited’ to *372 the respondent. In our view, and in light of the strong policy prohibiting unlawful evictions (see generally Bill Jacket, L 1981, ch 467), attaching a copy of the referee’s deed to a 10-day notice to quit served by ‘nail and mail’ was insufficient to satisfy the requirement of exhibition of the deed pursuant to RPAPL 713 (5) (see Colony Mtge. Bankers v Mercado, 192 Misc 2d 704 [Sup Ct, Westchester County 2002]; but see Novastar Mtge., Inc. v LaForge, 12 Misc 3d 1179[A], 2006 NY Slip Op 51306[U] [Sup Ct, Greene County 2006] [discussing a writ of assistance]; Deutsche Bank Natl. Trust Co. v Resnik, 24 Misc 3d 1238[A], 2009 NY Slip Op 51793[U] [Nassau Dist Ct 2009]; GRP/AG REO 2004-1, LLC v Friedman, 8 Misc 3d 317, 318-319 [Just Ct, Town of Ramapo, Rockland County 2005]). Accordingly, the order is reversed and appellants’ motion to dismiss the petition as against them is granted.”
The court in Rome v White (82 Misc 2d 356, 357-358 [Civ Ct, NY County 1975]) held that service of a photostatic copy of the referee’s deed was fatal and there must be strict compliance with statutes that provide for the eviction of persons:
“However, section 312 of McKinney’s Statutes (McKinney’s Cons. Laws of NY, Book 1) states that: ‘Generally, a statute which takes the property of one person without his consent for the benefit of another is in derogation of common right and should be strictly construed,’ and proceedings designed to accomplish such result must be strictly pursued or the owner will not be divested of his property (Stilwell v Swarthout, 81 NY 109; Matter of Water Commrs. of Amsterdam, 96 NY 351; and Matter of Rochester Elec. Ry. Co., 123 NY 351). In addition, the instant case is a summary proceeding, and it ‘has been said often that the body of law governing summary proceedings must be interpreted in a strict, exact, and unyielding manner, even at the risk, sometimes, of the denial of equitable justice.’ (Murawski v Melkun, 71 Misc 2d 575, 576-577).”
In Lincoln Sav. Bank v Warren (156 AD2d 510 [2d Dept 1989]), the Supreme Court, Nassau County, granted the motion of Robert Equities, Ltd. (assignee of the purchaser at the foreclosure sale), to direct the Nassau County Sheriff to evict respondent and put it in possession. On appeal, the Second Department reversed and held that the plaintiff was required to *373 exhibit the referee’s deed to the defendant and demand possession from them.
“The defendants, who lost title to the subject premises by judgment in the foreclosure action which directs that the purchaser at the foreclosure sale be let into possession on production of the Referee’s deed, correctly assert that the order appealed from is in the nature of a writ of assistance (cf., RPAPL 221). Prior to the issuance of such a writ, the Referee’s deed should have been exhibited to and possession demanded from them (see, Kilpatrick v Argyle Co., Inc., 199 App Div 753, 758; cf., RPAPL 713 [5]). Although it was proper for the purchaser’s assignee to seek possession by application to Supreme Court in this action (see, Lincoln First Bank v Polishuk, 86 AD2d 652), annexing the deed to the order to show cause which authorized service of the moving papers on the defendants’ attorney was inadequate (see, Lincoln First Bank v Polishuk, supra). Moreover, the application to direct the Sheriff to put the purchaser’s assignee in possession does not constitute an appropriate demand that the defendants vacate the premises. Thus, the Supreme Court should not have granted the application on the basis of the papers then before it (cf., Lincoln First Bank v Polishuk, supra; RPAPL 221). We note, however, that the purchaser’s assignee is not precluded from making a new, properly premised application.” (Id. at 510-511.)
Also supporting the exhibiting of the referee’s deed in a proceeding based upon RPAPL 713 (5) are 2 Robert F. Dolan, Rasch’s Landlord and Tenant — Summary Proceedings § 35:8 (4th ed), Union State Bank v Werner (161 Misc 2d 50 [Clarkstown Just Ct 1994]), and Collado v Boklari (27 Misc 3d 161 [Suffolk Dist Ct 2009]).
Based upon the above, petitioner should have exhibited the referee’s deed to respondent as required by RPAPL 713 (5). This court understands petitioner’s logic in exhibiting the deed from which it derived title to respondent. However, this court is bound to follow the language of RPAPL 713 (5) as written.
Petitioner may chose to exhibit both deeds to respondent in order to avoid another claim by respondent that the law was not complied with.
*374 Conclusion
This proceeding is dismissed without prejudice. Petitioner may commence another proceeding in compliance with all applicable statutes.