*1009 OPINION OF THE COURT
Scott Fairgrieve, J.
Petitioner moves, pursuant to CPLR 2221 (d), for leave to reargue this court’s order, dated December 9, 2016, dismissing the herein summary proceeding.
This holdover summary proceeding was commenced against Vanessa Lilly, the former owner of 415 Champlain Avenue, West Hempstead, New York. The additional respondents, Inaya Davis, Mary Davis, Rodney Boone, Jane Smith—name refused, John Doe and Jane Doe, allegedly reside at the premises with permission from the former owner.
Paragraph 4 (a) of the verified petition states that “[a] foreclosure sale was held pursuant to the Judgment of Foreclosure and Sale signed on October 28, 2009 and entered in the Nassau County Clerk’s office on or about November 9, 2009. A copy of the said judgment is annexed hereto as Exhibit ‘A’.”
Paragraph 4 (b) of the verified petition asserts that
“[o]n October 14, 2014, the sale of the premises described hereto was duly held and the premises were purchased by the Petitioner, Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP, F/K/A Countrywide Home Loans Servicing, LP. A certified Referee’s Deed to the Petitioner is annexed hereto as Exhibit B’.”
Paragraph 4 (c) of the verified petition contends that “[t]he Petitioner, Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP, F/K/A Countrywide Home Loans Servicing, LP, is now the owner of the premises located at 415 Champlain Avenue, West Hempstead, NY 11552.”
Paragraph 4 (d) of the verified petition states that respondent Vanessa Lilly continues to reside at the premises even though the judgment of foreclosure and sale provides that the “purchaser” be let into possession of the subject premises upon production of the referee’s deed.
Petitioner alleges the following in paragraphs 5 and 6 of the verified petition:
“All Respondents in this action were duly served with Ten Day Notices to Quit, as appears from the Affidavits of Service annexed hereto as Exhibit ‘C’.
*1010 “A Certified copy of the Referee’s deed was exhibited, to the respondent(s) in this action, as appears from the Affidavits of service annexed hereto as Exhibit U’.”
The affidavit of service demonstrates that respondent Rodney Boone was served on October 17, 2016 by substituted service as follows:
“On 10/17/2016 at 1:00 PM, I served the within HOLDOVER NOTICE OF PETITION AND HOLDOVER PETITION Bearing Index Number LT-005187-16 and date of filing of 10/7/2016 on RODNEY BOONE at 415 CHAMPLAIN AVENUE, WEST HEMPSTEAD, NY 11552 in the manner indicated below:
“SUITABLE AGE: By delivering a true copy of said documents to JANE SMITH NAME REFUSED, CO-OCCUPANT, a person of suitable age and discretion. Said premises is respondent’s place of residence within the state.”
This court dismissed the prior proceeding because the certified deed was exhibited to respondent Rodney Boone via substituted service upon “Jane Smith—Name Refused, Co-Occupant.”
This court held that the certified deed must be exhibited personally to each respondent and not by substituted service, as required by Home Loan Servs., Inc. v Moskowitz (31 Misc 3d 37 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Petitioner argues that this “Court has misapprehended the central holding of Home Loan Servs., Inc. v Moskowitz in relation to how exhibition of the referee’s deed was completed in this case.”
Petitioner contends that service in Home Loan Servs. was invalidated because same was done by nail and mail which is not the equivalent of personally exhibiting the certified deed. Petitioner asserts that exhibiting the certified deed by substituted service to “Jane Smith” satisfies RPAPL 713 (5) and 735.
Petitioner cites the cases of Hudson City Sav. Bank v Lorenz (39 Misc 3d 538 [Suffolk Dist Ct 2013]) and 1644 Broadway LLC v Jimenez (51 Misc 3d 887 [Civ Ct, Kings County 2016]) for the proposition that substituted service satisfies the statutory criteria of personally exhibiting the certified deed to a respondent.
*1011 Respondent Rodney Boone’s attorney submits his affirmation in opposition, dated February 23, 2017. Counsel argues therein that a jurisdictional defect exists because Rodney Boone was identified in the proceeding as a “John Doe” despite petitioner knowing his name from a prior proceeding. Specifically, the order of the Honorable James Darcy dated July 26, 2016, indicated in the prior proceeding that “John Doe” is Rodney Boone. Regardless, this court rejects such argument because Rodney Boone was identified by his real name when service was made.
Furthermore, respondent insists that service is defective because same was not done in compliance with RPAPL 735. Respondent contends that service upon “Jane Smith—Name Refused, Co-Occupant” and identified as an occupant is jurisdictionally defective. Respondent asserts that RPAPL 735 requires service upon a person who resides at the premises and that service upon an occupant doesn’t satisfy this criteria.
Respondent argues that “merely being an occupant is insufficient as the person so served could have been merely a guest, a visitor, etc.”
Also, respondent states that the court’s prior reliance upon Home Loan Servs., Inc. u Moskowitz was correct, since that Appellate Term decision has not been overruled.
Decision
This court disagrees with respondent’s assertion that service upon an occupant was insufficient. The term occupant is equivalent to tenant. Thus, service upon “Jane Smith—Name Refused, Co-Occupant” is sufficient under RPAPL 735. In Alex & Gregory v LaVista’s Glen Cove Serv. Sta. (124 Misc 2d 257, 259 [Sup Ct, Nassau County 1984]), the court held that the word occupant is the equivalent of being a tenant:
“ ‘To occupy’ means ‘to take and hold possession of’ or ‘have in possession and use’ (Thieme v Niagara Fire Ins. Co., 100 App Div 278, 281), and an ‘occupant’ is one who holds possession and exercises dominion (G.M.G. Realty Co., Inc. v Spring, 191 Misc 334). ‘To occupy’ is also defined to mean ‘to tenant’, ‘to reside’, ‘to inhabit’ (67 CJS, Occupy, p 197) and, in landlord-tenant law at least, connotes a possessory interest whereby the occupant will hold or use for more than brief periods of time (see Mihil Co. v Paradiso, 107 Misc 2d 867).”
*1012 Moreover, this court is constrained to follow the holding of Home Loan Servs., Inc. v Moskowitz (31 Misc 3d 37 [App Term, 2d Dept, 2d, 11th & 10th Jud Dists 2011]), which requires the referee’s deed to be “exhibited to Respondent.” This means that personally exhibiting the referee’s deed is required, and that substituted service or service by “nail and mail” is insufficient.
Home Loan Servs. relies upon Colony Mtge. Bankers v Mercado (192 Misc 2d 704 [Sup Ct, Westchester County 2002]). In Colony, the purchaser of residential premises at a foreclosure sale applied for a writ of assistance. The 10-day notice to quit along with the certified copy of the deed was served personally on defendant Mercado and by substituted service upon the other defendants. The court held that substituted service was invalid service:
“The judgment of foreclosure requires ‘production’ of the referee’s deed. ‘Production’ means the act of exhibiting. (Webster’s Third New International Dictionary 1810.) Section 713 (5) of the RPAPL provides that a special proceeding to recover possession of property may be instituted after a 10-day notice to quit has been served where the property was sold in foreclosure and a certified copy of the deed ‘exhibited’ to the person in possession. Absent exhibition, the writ of assistance may not issue. (Lincoln Sav. Bank v Warren, 156 AD2d 510 [2d Dept 1989]).
“To exhibit connotes actual presentation to view the document. (Black’s Law Dictionary 573 [6th ed]; 15A Words & Phrases, Exhibit et seq. at 365-367; Webster’s Third New International Dictionary 796.) Exhibit is derived from the Latin and means to hold out. (New Oxford American Dictionary 595.)
“At bar, it is clear that a certified copy of the deed has not been exhibited, as that word is commonly used and understood, to the occupants who received substitute service. Therefore, the plaintiff has not yet met the statutory requirements for issuance of a writ of assistance. Plaintiff’s motion is denied.”
(Colony Mtge. Bankers at 705.)
The Colony Mtge. Bankers court relied upon Lincoln Sav. Bank v Warren (156 AD2d 510 [2d Dept 1989]). In Lincoln, the Court held that a writ of assistance application required that the referee’s deed should have been previously exhibited to defendants:
*1013 “The defendants, who lost title to the subject premises by judgment in this foreclosure action which directs that the purchaser at the foreclosure sale be let into possession on production of the referee’s deed, correctly assert that the order appealed from is in the nature of a writ of assistance (cf., RPAPL 221). Prior to the issuance of such a writ, the referee’s deed should have been exhibited to and possession demanded from them (see, Kilpatrick v Argyle Co., 199 App Div 753, 758; cf., RPAPL 713 [5]). Although it was proper for the purchaser’s assignee to seek possession by application to Supreme Court in this action (see, Lincoln First Bank v Polishuk, 86 AD2d 652), annexing the deed to the order to show cause which authorized service of the moving papers on the defendants’ attorney was inadequate (see, Lincoln First Bank v Polishuk, supra). Moreover, the application to direct the Sheriff to put the purchaser’s assignee in possession does not constitute an appropriate demand that the defendants vacate the premises. Thus, the Supreme Court should not have granted the application on the basis of the papers then before it (cf., Lincoln First Bank v Polishuk, supra; RPAPL 221).” (Lincoln at 510-511.)
In 2 Robert F. Dolan, Rasch’s Landlord and Tenant—Summary Proceedings § 35:8 (4th ed), Judge Dolan writes:
“One who has purchased real property at a sale thereof under a foreclosure of a mortgage thereon can maintain summary proceedings under the Real Property Actions and Proceedings Law to dispossess the mortgagor personally, or any person in possession under the mortgagor, upon alleging and proving the following elements of this ground for dispossession: (a) that the foreclosed mortgage, which had been executed by the owner of the real property, was valid and enforceable; (b) that the mortgage was validly foreclosed; (c) that the property was validly sold under such foreclosure; (d) that the petitioner’s title to such property under such sale has been perfected; (e) that the occupant’s right of possession, if such occupant is not the mortgagor, was acquired from the mortgagor subsequently to the giving of the mortgage; (f) that either the deed delivered pursuant to such sale, or *1014 a copy of such deed, certified as provided in the CPLR, has been exhibited to the persons sought to be removed; (g) that the statutory ten days’ notice to quit was given to the occupants prior to the commencement of the proceeding in the manner prescribed by Real Property Actions and Proceedings Law § 735; and (h) that the persons sought to be removed nevertheless hold over and continue in possession of the property.
“The giving of the statutory ten days’ notice to quit in the manner prescribed is a condition precedent to the right to maintain the foreclosure sale summary proceeding, and must be alleged and proved.”
Based upon the above, substituted service to “exhibit” the referee’s deed does not meet the statutory criteria as interpreted.
This court is very empathetic to the holdings of Hudson City Sav. Bank v Lorenz and 1644 Broadway LLC v Jimenez, that substituted service of the referee’s deed was valid.
The legislature needs to address this situation. It is suggested that both substituted service and “nail and mail” be authorized. There is no valid reason to set such a high standard for service of the referee’s deed when service of the notice of petition and petition is allowed by personal service, substituted service, or “nail and mail.” Money judgments are issued upon substituted service. (Avgush v Berrahu, 17 Misc 3d 85 [App Term, 9th & 10th Jud Dists 2007]; O’Connell v Singletary, 31 Misc 3d 126[A], 2011 NY Slip Op 50439[U] [App Term, 9th & 10th Jud Dists 2011].)
Conclusion
For the reasons set forth herein, this court adheres to dismissal in the case at bar.