■ CHANA TAUB, Respondent, v HENRY SCHON, et al., Appellants. [51 NYS3d 132]—Appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered September 18, 2015. The order denied, as premature, the defendants' motion to compel arbitration or, in the alternative, to dismiss the amended complaint.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

The plaintiff holds a 50% membership interest in Astoria Pines Holding Co., LLC (hereinafter Astoria Pines), which was formed to develop a site for a nursing home. In July 2014, the plaintiff commenced this action against the defendants, who served as managers of Astoria Pines, inter alia, to recover damages for breach of fiduciary duty and for a judgment declaring that she was entitled to 50% of the monthly distributions to members of Astoria Pines. The plaintiff alleged that Astoria Pines was funded by rent from a tenant, which was deposited into an operating account used to cover the monthly expenses of Astoria Pines, with the remaining funds disbursed to her and the other two members of Astoria Pines, Anna Schon and Rosemarie Weingarten (hereinafter together the intervenors). She further alleged that the defendants improperly diverted the rental income to a new bank account without notice to her or her consent.

In an order entered February. 4, 2015, the Supreme Court, inter alia, sua sponte, directed the dismissal of all causes of action other than the sixth cause of action, which sought a judgment declaring that the plaintiff was entitled to 50% of the monthly distributions to members of Astoria Pines. The court determined, among other things, that the plaintiff could not assert any of the causes of action other than the sixth cause of action in her individual capacity and, thus, directed the dismissal of those causes of action with leave to replead on behalf of Astoria Pines. In February 2015, the plaintiff filed an amended complaint derivatively on behalf of Astoria Pines, inter alia, to recover damages for breach of fiduciary duty. Further, the plaintiff moved to stay enforcement of the order entered February 4, 2015, pending determination of the appeal from that order. In an order entered April 6, 2015, the court granted the plaintiff's motion to stay enforcement of the order entered February 4, 2015, and, sua sponte, directed the dismissal of the sixth cause of action in the original complaint. In a related appeal, this Court has dismissed the plaintiff's appeal from the order entered February 4, 2015 (*see Taub v Schon*, 148 AD3d 1200 [2017] [decided herewith]). This Court has also dismissed the defendants' appeal from the order entered April 6, 2015 (*see Taub v Schon*, 148 AD3d 1202 [2017] [decided herewith]).

Following the filing of the amended complaint, the defendants moved to compel arbitration of the causes of action asserted in the amended complaint pursuant to an arbitration provision in the operating agreement for Astoria Pines, or, in the alternative, pursuant to CPLR 3211 (a) (1) and (7) to

dismiss the amended complaint. In an order entered September 18, 2015, the Supreme Court denied, as premature, the defendants' motion to compel arbitration or, in the alternative, to dismiss the amended complaint. The court determined that, in view of the stay imposed in the order entered April 6, 2015, "the initial complaint remains in effect pending the Appellate Division's determination" of the appeal from the order entered February 4, 2015. The defendants appeal from the order entered September 18, 2015.

As discussed in our decision and order on the related appeal from the order entered February 4, 2015, the original complaint did not remain in effect, but instead, was superseded by the amended complaint (see *Chalasani v Neuman*, 64 NY2d 879, 880 [1985]; *CRAFT EM CLO 2006-1, Ltd. v Deutsche Bank AG*, 139 AD3d 638, 638-639 [2016]; *Gotlin v City of New York*, 90 AD3d 605, 608 [2011]; *Pourquoi M.P.S., Inc. v Worldstar Intl., Ltd.*, 64 AD3d 551, 551-552 [2009]; *DePasquale v Estate of DePasquale*, 44 AD3d 606, 607 [2007]; *Elegante Leasing, Ltd. v Cross Trans Svc, Inc.*, 11 AD3d 650 [2004]). The amended complaint "takes the place of the original pleading" (*100 Hudson Tenants Corp. v Laber*, 98 AD2d 692, 692 [1983]; see *Pourquoi M.P.S., Inc. v Worldstar Intl., Ltd.*, 64 AD3d at 551), and has therefore become the operative complaint. Consequently, the Supreme Court erred in denying, as premature, the defendants' motion to compel arbitration or, in the alternative, to dismiss the amended complaint.

Accordingly, we remit the matter to the Supreme Court, Nassau County, for a determination of the defendants' motion on the merits. Dillon, J.P., Roman, Hinds-Radix and Duffy, JJ., concur.