Taub v Schon (2017 NY Slip Op 02459)





Taub v Schon


2017 NY Slip Op 02459


Decided on March 29, 2017


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 29, 2017
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2015-04823
 (Index No. 603832/14)

[*1]Chana Taub, etc., respondent, 
v
Henry Schon, et al., appellants; Anna Schon, et al., intervenors.


Herrick, Feinstein LLP, New York, NY (Avery S. Mehlman of counsel), for appellants and intervenors.
Law Firm of Steven Cohn, P.C., Carle Place, NY, and Morrison Cohen LLP, New York, NY (Y. David Scharf of counsel), for respondent (one brief filed).



DECISION & ORDER
Appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered April 6, 2015. The order granted the plaintiff's motion to stay enforcement of a prior order of that court entered February 4, 2015, pending determination of the appeal from that order and, sua sponte, directed the dismissal of the sixth cause of action.
ORDERED that the appeal is dismissed, with costs.
The plaintiff holds a 50% membership interest in Astoria Pines Holding Co., LLC (hereinafter Astoria Pines), which was formed to develop a site for a nursing home. In July 2014, the plaintiff commenced this action against the defendants, who served as managers of Astoria Pines, inter alia, for a judgment declaring that she was entitled to 50% of the monthly distributions to members of Astoria Pines. The plaintiff alleged that Astoria Pines was funded by rent from a tenant, which was deposited into an operating account used to cover the monthly expenses of Astoria Pines, with the remaining funds disbursed to her and the other two members of Astoria Pines, Anna Schon and Rosemarie Weingarten (hereinafter together the intervenors). She further alleged that the defendants improperly diverted the rental income to a new bank account without notice to her or her consent. In an order entered February 4, 2015, the Supreme Court, inter alia, sua sponte, directed the dismissal of all causes of action other than the sixth cause of action, which sought a judgment declaring that the plaintiff was entitled to 50% of the monthly distributions to members of Astoria Pines. That order is the subject of a related appeal decided herewith (see Taub v Schon, __AD3d__ [Appellate Division Docket No. 2015-03534; decided herewith]).
Thereafter, the plaintiff moved to stay enforcement of the order entered February 4, 2015, pending determination of the appeal from that order. In an order entered April 6, 2015, the Supreme Court granted the plaintiff's motion to stay enforcement of the order entered February 4, 2015, and, sua sponte, directed the dismissal of the sixth cause of action. The defendants appeal from the order entered April 6, 2015.
No appeal lies as of right from the portion of the order which, sua sponte, directed the dismissal of the sixth cause of action, since that portion of the order did not decide a motion [*2]made on notice (see CPLR 5701[a][2]). Since the defendants are not aggrieved by the dismissal of the sixth cause of action (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157), we cannot grant leave to appeal from that portion of the order (see CPLR 5701[c]).
Additionally, the appeal from so much of the order entered April 6, 2015, as granted the plaintiff's motion to stay enforcement of the order entered February 4, 2015, pending determination of the appeal from that order, must be dismissed as academic, in light of the fact that this Court has now determined that appeal (see Taub v Schon, __AD3d__ [Appellate Division Docket No. 2015-03534; decided herewith]).
To the extent that the intervenors challenge the dismissal of the sixth cause of action, that contention is not properly before this Court, as the intervenors did not file a notice of appeal from the order entered April 6, 2015 (see Lewin v Levine, 146 AD3d 768).
DILLON, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court