Adam Plotch, Appellant,

against
John Dellis, Nikki Moundrakis and Maria Moundrakis, Respondents, 
 et al., Undertenants.
 Adam Plotch, appellant pro se.
John Dellis, respondent pro se.
The Law Firm of Edward Vitale, P.C. (Edward Vitale of counsel), for respondents Nikki Moundrakis and Maria Moundrakis.

Appeal from an order of the Civil Court of the City of New York, Queens County (John S. Lansden, J.), dated March 8, 2016. The order granted a motion by occupants Nikki Moundrakis and Maria Moundrakis to dismiss so much of the petition as was asserted against them and denied as moot petitioner's cross motion for summary judgment, in a summary proceeding brought pursuant to RPAPL 713 (5).




ORDERED that the order is reversed, without costs, the motion by occupants Nikki Moundrakis and Maria Moundrakis to dismiss so much of the petition as was asserted against them is denied and the cross motion by petitioner for summary judgment is granted.
In this postforeclosure summary proceeding (RPAPL 713 [5]), the record shows that, on July 7, 2015, petitioner effected personal service of a 10-day notice to quit on occupant Maria Moundrakis at the premises, a condominium purchased by petitioner at a foreclosure sale in 2013, and, by serving additional copies of the papers upon her, effected substituted service on occupants Nikki Moundrakis and John Dellis. A copy of the referee's deed was annexed to the notice to quit. Thereafter, the notice of petition and petition were served on all three occupants by conspicuous-place service after two attempts at personal service, one in the evening and one in the afternoon of the following day, had proved unsuccessful.
Maria Moundrakis and Nikki Moundrakis (occupants) moved to dismiss so much of the petition as was asserted against them, on various grounds, including that service of process was defective; that substituted service cannot fulfill the requirement of RPAPL 713 (5) to exhibit a certified referee's deed; that the deed was not exhibited to occupants; and that the copy of the deed served upon occupants was not properly certified. Petitioner cross-moved for summary judgment. By order dated March 8, 2016, the Civil Court dismissed the petition on the ground that petitioner had failed to demonstrate that the deed had been exhibited to occupant Maria Moundrakis, as there was no statement about exhibition, and denied petitioner's cross motion as moot. 
At the outset, we note that the two attempts at service of process, one on August 25, 2015 at 6:43 p.m. and one on August 26, 2015 at 1:55 p.m., satisfied the reasonable application standard of RPAPL 735 for purposes of obtaining a final judgment of possession, as at least one of the attempts was made when the process server could reasonably expect someone to be at home (see Brooklyn Hgts. Realty Co. v Gliwa, 92 AD2d 602 [1983]), even if they might not have otherwise been sufficient for purposes of obtaining a money judgment (see Borg v Feeley, 56 Misc 3d 128[A], 2017 NY Slip Op 50834[U] [App Term, 1st Dept 2017]; Avgush v Berrahu, 17 Misc 3d 85 [App Term, 2d Dept, 9th & 10th Jud Dists 2007]).
RPAPL 713 provides in pertinent part:
"A special proceeding may be maintained under this article after a ten-day notice to quit has been served upon the respondent in the manner prescribed in section 735, upon the following grounds:
. . .
5. . . . [T]he property has been sold in foreclosure and either the deed delivered pursuant to such sale, or a copy of such deed, certified as provided in the civil practice law and rules, has been exhibited to him."
We note that as to Maria Moundrakis, a copy of the deed was not only shown to her but placed in her hand, thus, contrary to the determination of the Civil Court, satisfying the exhibition requirement of RPAPL 713 (5).
In Home Loan Servs., Inc. v Moskowitz (31 Misc 3d 37 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]), this court held that attaching a certified copy of the referee's deed to the notice to quit did not satisfy the requirement of RPAPL 713 (5) that the deed be exhibited to the respondent, where the notice to quit was served by conspicuous-place service. Petitioner here, in effect, asks this court to reconsider this ruling, arguing, among other things, that the exhibition requirement dates from the time that the statute required exhibition of the original deed and that, under the language subsequently added to the statute permitting exhibition of a certified copy of the deed, service of such a certified copy by means other than personal delivery should suffice.
Upon reconsideration, this court agrees with petitioner's contention. Civil Practice Act § 1411 (6) required the exhibition to the respondent of an original referee's deed, and this requirement was carried over when the Civil Practice Act provision was replaced in 1962 by RPAPL 713 (5). However, in 1976 (L 1976, ch 642), because of the difficulties attendant in exhibiting an original deed, and in response to the decision in Rome v White (82 Misc 2d 356 [Civ Ct, NY County 1975]) disallowing exhibition of a photostatic copy of the deed (see Sponsor's Mem, Bill Jacket, L 1976, ch 642), the legislature amended RPAPL 713 (5) to permit, in addition to exhibition of an original deed, exhibition of a certified copy of the deed. We are persuaded that service by means other than personal delivery of a certified copy of the deed, i.e., service of a certified copy of the deed which is left at the premises for the respondent to retain and examine, satisfies the exhibition requirement.
Occupants additionally contend that the referee's deed that was exhibited to them was not properly certified. CPLR 4540 (a) permits copies of official records to be used for authentication purposes. CPLR 4540 (b) states, in relevant part:
"Where the copy is attested by an officer of the state, it shall be accompanied by a certificate signed by, or with a facsimile of the signature of, . . . the officer having legal [*2]custody of the original, or his deputy or clerk, with his official seal affixed[.]"
It is undisputed that, while the photocopy of the referee's deed that was attached to the petition that was filed with the court bears the certifying official's original signature with his official raised seal in compliance with CPLR 4540 (b), the copies served on occupants together with the notice to quit are photocopies of the referee's deed and do not bear an original seal. Thus, these copies do not satisfy the requirements of CPLR 4540 (b). 


CPLR 2105 provides for an alternative method of certification, by an attorney, stating:
"Where a certified copy of a paper is required by law, an attorney admitted to practice in the courts of the state may certify that it has been compared by him with the original and found to be a true and complete copy. Such a certificate, when subscribed by such attorney, has the same effect as if made by a clerk."

This section of the CPLR requires that the attorney "subscribe" the certificate. It is undisputed that petitioner's attorney signed the original certification,[FN1]
that a photocopy was then made of that document, and that the photocopy was served on occupants. We find that this procedure comports with the requirements of CPLR 2105, for the reasons set out in Federal Natl. Mtge. Assn. v Wagshcal (NYLJ, Jan. 31, 2001, at 33, col 4 [Civ Ct, NY County 2001]; but see Security Pac. Natl. Trust Co. v Cuevas, 176 Misc 2d 846 [1998]).
Accordingly, the order is reversed, the motion by occupants Nikki Moundrakis and Maria Moundrakis to dismiss so much of the petition as was asserted against them is denied and the cross motion by petitioner for summary judgment is granted.

PESCE, P.J., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 13, 2018
Footnotes

Footnote 1: The original certification is attached to the petition filed with the Civil Court. Thus, the copy of the deed attached to the petition is certified by compliance with both CPLR 4540 (b) and CPLR 2105.