U.S. Bank N.A. v Quinones (2018 NY Slip Op 05955)





U.S. Bank N.A. v Quinones


2018 NY Slip Op 05955


Decided on August 29, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2016-00559
2016-00560
 (Index No. 5014/08)

[*1]U.S. Bank National Association, etc., respondent,
v
Melvin Quinones, appellant.


Melvin Quinones, Wallkill, NY, appellant pro se.
Hogan Lovells US LLP, New York, NY (David Dunn, Chava Brandriss, and Robin L. Muir of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant appeals from two orders of the Supreme Court, Orange County (Elaine Slobod, J.), both dated January 8, 2016. The first order granted the plaintiff's motion for a writ of assistance and denied the defendant's motion to stay further proceedings pending the determination of a prior appeal. The second order granted the plaintiff's motion for a writ of assistance and directed the Sheriff of Orange County to eject the defendant from the subject premises and to put the plaintiff in immediate possession of the subject premises.
ORDERED that the appeal from so much of the first order dated January 8, 2016, as denied the defendant's motion to stay further proceedings pending the determination of a prior appeal is dismissed; and it is further,
ORDERED that the first order dated January 8, 2016, is affirmed insofar as reviewed; and it is further,
ORDERED that the second order dated January 8, 2016, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
Upon the defendant's default in answering or appearing in this mortgage foreclosure action, the Supreme Court issued a judgment of foreclosure and sale dated December 4, 2009. In 2013, the plaintiff purchased the subject property at a foreclosure sale, and the property was conveyed to the plaintiff by a referee's deed dated November 22, 2013. The defendant subsequently made two motions to vacate his default, both of which were denied in an order dated March 12, 2015. The defendant filed a notice of appeal from the order dated March 12, 2015. The plaintiff then moved for a writ of assistance directing the Sheriff of Orange County to remove the defendant from the property. In response, the defendant moved to stay further proceedings pending the determination of his appeal from the order dated March 12, 2015. In an order dated January 8, 2016, the court granted the plaintiff's motion for a writ of assistance and denied the defendant's motion to stay further proceedings pending the determination of his appeal. In a second order dated January [*2]8, 2016, the court granted the plaintiff's motion for a writ of assistance and directed the Sheriff of Orange County to eject the defendant from the property and to put the plaintiff in possession of the property. The defendant appeals from the orders dated January 8, 2016.
The defendant's appeal from so much of the first order as denied his motion to stay further proceedings pending the determination of his prior appeal must be dismissed. The only basis on which the defendant requested the stay was to await the determination of his appeal from the order dated March 12, 2015. That appeal has since been dismissed based on the defendant's failure to prosecute. Therefore, the relief requested by the defendant is no longer available, and the reversal of so much of the first order as denied the defendant's motion for a stay pending the determination of the appeal would not affect the defendant's rights (see Taub v Schon, 148 AD3d 1202, 1203; DeFilippo v Miller, 106 AD3d 770, 770-771). Moreover, the defendant's arguments regarding why the Supreme Court should have vacated his default in answering or appearing in the action could have been raised on his appeal from the order dated March 12, 2015. The dismissal of that appeal for failure to prosecute constitutes an adjudication on the merits of all claims that could have been raised on that appeal (see NP Funding II v Newsome, 258 AD2d 445, 446, citing Bray v Cox, 38 NY2d 350, 355), and we decline to exercise our discretion to consider such issues (see Berezyuk v City of New York, 102 AD3d 901, 902).
Contrary to the defendant's further contentions, we agree with the Supreme Court's determination to grant the plaintiff's motion for a writ of assistance (see Lincoln Sav. Bank v Warren, 156 AD2d 510, 511; Lincoln First Bank v Polishuk, 86 AD2d 652, 652-653).
ROMAN, J.P., COHEN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court