OPINION OF THE COURT
Sam Eisenberg, J.
This is a summary proceeding brought by the petitioner against the respondent to recover premises occupied by the respondent for nonpayment of rent. The respondent has answered the petition by denying the allegations of the petitioner and setting up as a separate affirmative defense the claim that the respondent is an owner of the premises and, as such, has no obligation to pay rent to the petitioner. Additionally, the respondent makes separate counterclaims, each being for an accounting from the petitioner as to the rent and profits of the premises in question, and as to the rents and profits collected by the petitioner for the use and occupation by the petitioner of certain other premises in the City of Mount Vernon.
The petitioner, in an affirmation submitted by his attorney in connection with a motion now pending in these proceedings, acknowledges that the petitioner and the respondent are tenants in common of the subject premises, but that the proceeding herein arises out of an agreement between the parties under *361 which the respondent has undertaken to pay rent for the subject premises to the petitioner; and the respondent has failed to make such payment.
This proceeding now comes before the court because of two motions made by the respondent; one being a motion to preclude for failure of the petitioner to furnish particulars in response to a demand therefor, and the other being a motion to compel the petitioner to attend and give testimony upon oral examination pursuant to a notice served upon him or in the alternative, to dismiss the petition.
The petitioner challenges the rights of the respondent to a bill of particulars or to discovery in the within proceeding. It is not necessary for the court to determine whether or not the respondent is entitled to a bill of particulars and whether or not the petitioner is obliged to submit to an examination before trial, since the court, upon review of all of the pleadings and papers filed herein, concludes that this court does not have jurisdiction of the petition, nor does it have jurisdiction of the respondent’s counterclaim for an accounting. Under CPLR 3211, an action or a proceeding may be dismissed by reason of the fact that the court does not have jurisdiction of the subject matter of the cause of action. This would include a counterclaim as well as a petitioner’s, or plaintiff’s, cause of action. Under this authority to dismiss for lack of subject matter jurisdiction, if the court itself notices a lack of such jurisdiction, it may dismiss on its own motion, regardless of the means whereby the objection to the jurisdiction comes to its attention and whether or not any motion has been made for dismissal. (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3211:ll, P 17.)
Admittedly, the parties are tenants in common. As such, they hold undivided interests in the entire subject premises. (13 NY Jur, Cotenancy and Joint Ownership, § 23.) Under ordinary circumstances, an individual cotenant may occupy the common property without incurring liability for its use and occupancy, so long as he does not oust the other cotenant or interfere with his exercise of a similar privilege. It is true that as between cotenants they may -agree that one cotenant shall pay the other for the use and occupancy of the common property or rent therefor. A cotenant who continues in the occupancy of the common property after the termination of an agreement to pay use and occupancy therefor does ¡so as a cotenant, rather than as a lessee, and he does not subject himself to removal by summary proceedings as does a tenant who holds over in the occupancy of *362 premises after the termination of his tenancy. (Valentine v Healey, 178 NY 391; 13 NY Jur, Cotenancy and Joint Ownership, § 33.) Similarly, a cotenant who fails to pay rent to his cotenant, in breach of an agreement to do so, does not, by reason of such nonpayment, subject himself to removal from the premises by summary proceedings. While a cotenant may agree with his counterpart to pay rent to him for the use of the common premises, such agreement does not terminate the tenancy in common, nor does it create the relationship of landlord and tenant.
The proceedings herein for the recovery of the premises for nonpayment of rent is brought by the petitioner under RPAPL 711. It is the rule that to recover premises for nonpayment of rent, the conventional relationship of landlord and tenant must be shown to exist between the litigants. If the conventional relationship of landlord and tenant does not exist between the parties, then the petitioner can resort to summary proceedings only if he can show another statute which expressly allows the proceeding.
The court finds no such other statute under which this proceeding may be brought. Since the necessary landlord-tenant relationship does not exist, the petitioner herein may not resort to a summary proceeding. That does not mean that the petitioner may not proceed against his cotenant for breach of the agreement to pay rent, nor is the petitioner precluded from undertaking an action to recover the real property under RPAPL 633. Accordingly, the petition herein is dismissed without prejudice to the right of the petitioner to bring any other appropriate action in any other appropriate forum.
The court is also without jurisdiction as to the counterclaims of the respondent for an accounting. It has been held that the Civil Court of the City of New York may not exercise the ordinary powers of a court of equity where there is no specific grant of such equitable power. (Kwoczka v Dry Dock Sav. Bank, 52 Misc 2d 67.) By analogy, the same rule pertains in the City Courts of our State. (Acme’s Uniform City Ct Prac, § 87.) In this connection, it was found in Raab v Bowery Sav. Bank (77 Misc 2d 1054) that an accounting action is equitable in nature and may not be entertained by a Civil Court of the City of New York. A similar result should follow where an accounting action is brought in a City Court under the Uniform City Court Act. (Acme’s Uniform City Ct Prac, § 87; see, also, Menkis v White-stone Sav. & Loan Assn., 78 Misc 2d 329.) The counterclaims of *363 the respondent are, therefore, also dismissed. They, too, are dismissed without prejudice to further appropriate action by the respondent in an appropriate forum.