■ IRWIN STELTZER, Respondent, v MATTHEW EASON, Appellant, et al., Defendants.—In an action for the partition of real property, the defendant Matthew Eason appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (G. Aronin, J.), entered December 11, 1989, as granted the plaintiff's motion to modify an order of the same court, dated February 28, 1989, by adding a provision thereto, *inter alia*, directing him to vacate the subject premises upon its sale.

Ordered that the order is affirmed insofar as appealed from, with costs.

The subject of this partition action is a nine-unit, rent-stabilized apartment building located in Brooklyn, New York. By agreement dated March 26, 1980, the plaintiff Irwin Steltzer agreed to convey a one-half interest in the subject premises to one of the building's tenants, the appellant Matthew Eason. As consideration for the conveyance, the appellant agreed to continue to pay a monthly rental for his apartment, and to manage the subject premises without additional compensation.

Contrary to the appellant's contentions, upon acquiring a one-half ownership interest in the premises, he ceased to be a tenant entitled to the protection of the Rent Stabilization Code *(see,* 9 NYCRR 2520.6 [d]; *Henry v Green,* 126 Misc 2d 360). Accordingly, the Supreme Court properly concluded that the appellant's right to occupy the subject premises must terminate upon the partition sale. Lawrence, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.