■ FIRST EDITION COMPOSITE, INC., Respondent, v GERALD WILKSON, Also Known as GERALD DUVAL, et al., Appellants.— Order, Supreme Court, New York County (Shirley Fingerhood, J.) entered June 27, 1990, which, *inter alia,* directed defendants to pay plaintiff retroactive and prospective use and occupancy, unanimously affirmed, with costs.

In September 1987, plaintiff entered into a contract to purchase from defendants an eight story warehouse building in which various tenants resided. Defendants occupied the seventh, eighth and part of the first floor. As part of the contract, defendants promised to have the building vacated by July 1, 1989, and to remove all outstanding violations by July 1, 1989. Defendants agreed to indemnify plaintiff against any

claims relating to enforcement of the Loft Law. Defendants were permitted to remain in occupancy until July 1, 1989, rent free, and were also to be paid a managing fee.

While the closing of the sale occurred in October 1987, the building was not vacated and all the violations were not removed on July 1, 1989. In fact, defendants continued to occupy the first, seventh and eighth floors. Plaintiff notified defendants that it was rescinding the sale pursuant to its contractual right. However, defendants failed to repurchase the building as provided in the contract and plaintiff instituted this action. Notably, defendants stipulated that they would not take any action to enforce a purchase money mortgage plaintiff delivered to defendants for the building. Defendants asserted, as an affirmative defense that they were tenants entitled to protection under article 7-C of the Multiple Dwelling Law.

The IAS court ultimately determined that defendants owed plaintiff use and occupancy and rejected defendants' assertion that plaintiff was prevented from collecting use and occupancy since plaintiff had not registered the building with the Loft Board for residential occupancy.

Defendants contend that they are "residential occupants" of the building and are thus entitled to the protection of the Loft Law. While the Loft Law provides protection to "residential occupants" (see, Multiple Dwelling Law § 286), it also provides a clear distinction between the rights to be afforded tenants and those to be afforded owners (see, e.g., Multiple Dwelling Law § 285). The term "residential occupant" as opposed to "tenant" was formulated by the legislature since "tenant" was too narrow a term in the context of multiple dwellings. (See, Dworkin v Duncan, 116 Misc 2d 853 [NY Civ Ct 1982].) However, "residential occupant" was not meant to encompass those in the situation of defendants who are essentially owner-occupants. The fact that defendants sold their building to plaintiff did not effectively change their status to that of tenant or "residential occupant" (see, e.g., 1 Rasch, New York Landlord and Tenant—Summary Proceedings § 4:4, at 171 [3d ed]). Indeed, defendants were specifically permitted to remain in occupancy through July 1, 1989, rent free, and were even paid a fee to manage the building. Clearly, they were not considered tenants, especially in the sense that would afford them protection as "residential occupants" pursuant to the Loft Law.

Moreover, defendants are equitably estopped from asserting

Loft Law protection in light of the fact that they represented to plaintiff that they would vacate the building and hold plaintiff harmless for any claims relating to tenancies in connection with the Loft Law.

Additionally, the fact that the building lacks a certificate of occupancy for residential use does not preclude plaintiff from collecting use and occupancy from defendants. Indeed, it was defendants who precluded plaintiff from complying with all legal requirements. *(See, e.g., Chatsworth 72nd St. Corp. v Rigai,* 71 Misc 2d 647, *affd* 74 Misc 2d 298, *affd* 43 AD2d 685, *affd* 35 NY2d 984.)

Finally, we find that the IAS court properly determined the amount of use and occupancy based on the evidence before it.

We have considered all other claims and find them to be meritless. Concur—Murphy, P. J., Sullivan, Milonas, Rosenberger and Asch, JJ.