■ TRI-LAND PROPERTIES, INC., Respondent, v 115 WEST 28TH STREET CORP. et al., Appellants, et al., Defendants. [701 NYS2d 16] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered November 10, 1998, which, *inter alia*, granted foreclosure purchaser's motion for a writ of assistance evicting defendant Dube from the subject premises, unanimously affirmed, with costs.

The purchaser at the foreclosure sale was properly granted a writ of assistance under RPAPL 221, where defendants were parties to the underlying foreclosure action, had been served with a copy of the judgment of foreclosure and sale, and were duly apprised of the sale of the property. We note that while the purchaser did, in fact, serve defendants with a notice to vacate in conformity with RPAPL 735 (1), such service was not a prerequisite to the motion for a writ of assistance (*see, Lincoln First Bank v Polishuk*, 86 AD2d 652; *Matter of Foreclosure of Tax Liens by City of Buffalo*, 142 AD2d 1004). The IAS Court properly refused to stay defendant Dube's eviction pending resolution of her application for Loft Law coverage (made after the judgment of foreclosure had already been affirmed [238 AD2d 206, *lv denied* 90 NY2d 934] and without notice to the mortgagee and receiver), where the record established that she is an owner-occupant, not a "residential occupant", of the premises, and that her Loft Law application is therefore patently without merit (*see, Friesch-Groningsche Hypotheekbank Realty Credit Corp. v Slabakis*, 215 AD2d 154; *First Edition Composite v Wilkson*, 177 AD2d 297, 298; *Steltzer v Eason*, 175 AD2d 158). We have considered defendants' remaining arguments, including that the foreclosure should be vacated, and find them unavailing. Concur—Nardelli, J. P., Williams, Mazzarelli, Wallach and Lerner, JJ.