Grassfield v JUPT, Inc. (2022 NY Slip Op 05203)

Grassfield v JUPT, Inc.

2022 NY Slip Op 05203

Decided on September 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2019-12970
 (Index No. 511380/19)

[*1]Paul Grassfield, et al., appellants,
v
JUPT, Inc., respondent.

Kucker Marino Winiarsky & Bittens, LLP, New York, NY (Jason M. Frosch of counsel), for appellants.
Rosenberg & Estis, P.C., New York, NY (Jason R. Davidson, Kenneth W. Eng, and Alexander Lycoyannis of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendant was not in compliance with Multiple Dwelling Law article 7-C and Multiple Dwelling Law § 302(1) and could not recover certain money owed in assessments, and for a permanent injunction preventing the foreclosure of certain cooperative shares and the termination of a lease, the plaintiffs appeal from an order of the Supreme Court, Kings County (Debra Silber, J.), dated October 24, 2019. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was for a preliminary injunction.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In May 2019, the plaintiffs, Paul Grassfield and Jennifer Stearns, commenced this action, inter alia, for a judgment declaring that the defendant, a cooperative housing corporation that owns a building in Brooklyn, could not recover certain money owed in assessments, and for a permanent injunction preventing the foreclosure of cooperative shares of the defendant which were owned by Grassfield and the termination of his proprietary lease in a unit in the building. The plaintiffs moved, among other things, for a preliminary injunction. The defendant opposed. As is relevant to this appeal, in an order dated October 24, 2019, the Supreme Court, inter alia, denied that branch of plaintiffs' motion which sought a preliminary injunction. The plaintiffs appeal.
The plaintiffs failed to establish their entitlement to a preliminary injunction. The decision whether to grant or deny a preliminary injunction is a matter which lies within the sound discretion of the Supreme Court (see Sarker v Das, 203 AD3d 973, 974). "'To be entitled to a preliminary injunction, a movant must establish (1) a probability of success on the merits, (2) a danger of irreparable injury in the absence of an injunction, and (3) a balance of the equities in the movant's favor'" (id. at 974, quoting Congregation Erech Shai Bais Yosef, Inc. v Werzberger, 189 AD3d 1165, 1166-1167; see CPLR 6301).
Contrary to the plaintiffs' contention, they are not entitled to protection under Multiple Dwelling Law § 302(1). Pursuant to Multiple Dwelling Law § 302(1), owners of premises which are unlawfully occupied by a residential occupant without a certificate of occupancy are [*2]prohibited from recovering rent or from maintaining an action or special proceeding for possession of said premises for nonpayment of rent. The term "residential occupant," as set forth in Multiple Dwelling Law § 286, was not meant to encompass those in the situation of the plaintiffs, who are essentially owner-occupants (see First Edition Composite v Wilkson, 177 AD2d 297, 298) and are not afforded protection under Multiple Dwelling Law § 302(1) (see Tri-Land Props. v 115 W. 28th St. Corp., 267 AD2d 142, 142).
Here, the plaintiffs improperly raised the issue of irreparable harm for the first time in their reply papers before the Supreme Court (see Matter of Brown v City of New York, 174 AD3d 800, 802), and thus that court should not have considered their argument on that issue. In any event, the plaintiffs did not establish a likelihood of success on the merits. Pursuant to the terms of the proprietary lease entered into between Grassfield and the defendant, the defendant was entitled to issue the assessments at issue to its shareholders, including Grassfield, for pro rata amounts they were obligated to pay to the defendant pursuant to the terms of that lease. The plaintiffs failed to establish any grounds to support their refusal to pay those assessments or to submit evidence demonstrating a likelihood of success on the merits on their causes of action. The balance of equities also do not support granting the plaintiffs a preliminary injunction (see Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840).
The plaintiffs' remaining contention is without merit.
Accordingly, the Supreme Court properly denied that branch of the plaintiffs' motion which was for a preliminary injunction.
DUFFY, J.P., BRATHWAITE NELSON, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court