Nusio v Legend Autorama, Ltd. (2023 NY Slip Op 04385)

Nusio v Legend Autorama, Ltd.

2023 NY Slip Op 04385

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-08162 
2021-02772
 (Index No. 6377/16)

[*1]Donald J. Nusio, et al., respondents,
v
Legend Autorama, Ltd., etc., et al., appellants. (Appeal No. 1)
Donald J. Nusio, et al., respondents-appellants 
v
Legend Autorama, Ltd., etc., et al., appellants- respondents. (Appeal No. 2)

Farber Brocks & Zane, LLP, Garden City, NY (Charles T. Ruhl of counsel), for appellants in Appeal No. 1 and appellants-respondents in Appeal No. 2.
Robert Schneider (The Enza Brandi Law Firm, PLLC, Huntington, NY, of counsel), for respondents in Appeal No. 1 and respondents-appellants in Appeal No. 2.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from (1) an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered October 13, 2020, and (2) an order of the same court entered April 1, 2021, and the plaintiffs cross-appeal from the order entered April 1, 2021. The order entered October 13, 2020, insofar as appealed from, denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence. The order entered April 1, 2021, insofar as appealed from, upon reargument, adhered to the original determination in the order entered October 13, 2020, denying those branches of the defendants' prior motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence. The order entered April 1, 2021, insofar as cross-appealed from, upon reargument, in effect, vacated so much of the order entered October 13, 2020, as denied those branches of the defendants' prior motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6), and thereupon granted those branches of the defendants' prior motion.
ORDERED that the appeal from the order entered October 13, 2020, is dismissed, as that order was superseded by the order entered April 1, 2021, made upon reargument; and it is further,
ORDERED that the order entered April 1, 2021, is affirmed insofar as appealed from; and it is further,
ORDERED that the order entered April 1, 2021, is reversed insofar as cross-appealed [*2]from, on the law, and, upon reargument, the determination in the order entered October 13, 2020, denying those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) is adhered to; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
On February 18, 2016, the plaintiff Donald J. Nusio (hereinafter the injured plaintiff) was fixing a garage door on the defendants' premises, which was operated as an automobile dealership that serviced vehicles. The ladder that the injured plaintiff was using slipped, allegedly causing him to fall and sustain injuries. The injured plaintiff, and his wife suing derivatively, commenced the instant personal injury action, alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6).
After issue was joined, the defendants moved for summary judgment dismissing the complaint. In an order entered October 13, 2020, the Supreme Court denied the defendants' motion. Subsequently, the defendants moved for leave to reargue their prior motion for summary judgment. In an order entered April 1, 2021, the court granted the defendants leave to reargue, but, upon reargument, adhered to its original determination in the order entered October 13, 2020, denying those branches of the defendants' prior motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence. Upon reargument, the court also, in effect, vacated so much of the order entered October 13, 2020, as denied those branches of the defendants' prior motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6), and thereupon granted those branches of the defendants' prior motion. The defendants appeal from the orders entered October 13, 2020, and April 1, 2021. The plaintiffs cross-appeal from the order entered April 1, 2021.
"Liability on common-law negligence and Labor Law § 200 causes of action 'generally falls into two broad categories: instances involving the manner in which the work is performed, and instances in which workers are injured as a result of dangerous or defective premises conditions at a work site'" (Korostynskyy v 416 Kings Hwy., LLC, 136 AD3d 758, 759, quoting Abelleira v City of New York, 120 AD3d 1163, 1164). Here, the complaint contains allegations of dangerous or defective conditions at the work site, not allegations involving the manner in which the work was performed. In such instances, those in control of the property will be liable if they either created a dangerous or defective condition, or had actual or constructive notice of such a condition without remedying it within a reasonable time (see Moscati v Consolidated Edison Co. of N.Y. , Inc., 168 AD3d 717, 720). On a motion for summary judgment dismissing the complaint, the defendants must demonstrate, prima facie, that they neither created, nor had actual or constructive notice of, the dangerous or defective condition (see id.).
Here, the defendants failed to demonstrate their prima facie entitlement to summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence. There was evidence in the record that automotive services were being performed on the defendants' premises by its employees, including changing oil filters and disposing the used oil filters into oil drums, and that oil was dripping from a spigot attached to a barrel close to the location of the plaintiff's accident. This evidence raises a triable issue of fact as to whether the defendants created a dangerous or defective condition, or had actual or constructive notice of such a condition without remedying it within a reasonable time (cf. Todd v City of New York, 19 AD3d 587, 588). The defendants' contention that oil and grease on the floor of the defendants' premises was incidental to its use was improperly raised for the first time in their reply papers on their motion before the Supreme Court (see Grassfield v JUPT, 208 AD3d 1219). Accordingly, the court, upon reargument, properly adhered to its original determination in the order entered October 13, 2020, denying those branches of the defendants' prior motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence.
With regard to the causes of action alleging violations of Labor Law §§ 240(1) and [*3]241(6), the injured plaintiff testified at his deposition that when the accident occurred, he was attempting to remove a bearing plate in order to replace a broken spring on the garage door. He also testified that one of the bolts of the bearing plate was stripped, so he had to widen the hole so that it would accept another bolt. In opposition to the defendants' motion for summary judgment, the injured plaintiff submitted an affidavit that described these steps in further detail. That affidavit did not create a "feigned issue of fact," since it was not inconsistent with the injured plaintiff's deposition testimony (Kievman v Philip, 84 AD3d 1031, 1033).
Labor Law § 240(1) applies where an employee is engaged "in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure," but does not apply to "routine maintenance" (Esposito v New York City Indus. Dev. Agency, 1 NY3d 526, 528). Here, the evidence raises a triable issue of fact as to whether the injured plaintiff was involved in a repair or routine maintenance at the time of the accident (see Nowakowski v Douglas Ellman Realty, LLC, 78 AD3d 1033; Guzman v Gumley-Haft, Inc., 274 AD2d 555, 556).
Labor Law § 241(6) applies to construction, excavation, or demolition work. Construction work is defined in 12 NYCRR 23-1.4 as including the "repair, maintenance, painting or moving of buildings or other structures." Thus, there are triable issues of fact as to whether Labor Law § 241(6) was violated in this matter (see Wass v County of Nassau, 173 AD3d 933).
Accordingly, as there are triable issues of fact as to the viability of the causes of action alleging violations of Labor Law §§ 240(1) and 241(6), the Supreme Court, upon reargument, should have adhered to its original determination in the order entered October 13, 2020, denying those branches of the defendants' prior motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6).
The defendants' remaining contentions are either without merit or not properly before this Court.
IANNACCI, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court