JPMorgan Chase Bank, N.A. v LaFond (2024 NY Slip Op 51058(U))

[*1]

JPMorgan Chase Bank, N.A. v LaFond

2024 NY Slip Op 51058(U)

Decided on August 13, 2024

Supreme Court, Queens County

Maldonado-Cruz, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 13, 2024
Supreme Court, Queens County

JPMorgan Chase Bank, National Association, Plaintiff,

against
Shirley LaFond; NEW YORK CITY PARKING VIOLATIONS BUREAU; 
 NEW YORK CITY TRANSIT ADJUDICATION BUREAU; JPMORGAN CHASE BANK, N.A.; MIDLAND FUNDING, LLC; NEW YORK ENVIRONMENTAL CONTROL BOARD, Defendants.

Index No. 711552/2023

John P. DeMaio, Esq., for Defendant Shirley LaFond
Thomas J. Frank, Esq., for Non-Party, CAM Re Ventures 1 REO LLC

Lumarie Maldonado-Cruz, J.

UPON the emergency application (seq. no. 12) filed by defendants Shirley LaFond and her adult son, Derick LaFond ("Movants") (See NYSCEF Doc. No. 64—68) seeking to vacate the judgment of possession (ejectment) entered on December 18, 2023 (See NYSCEF Doc. No. 62), and writ of assistance entered on December 18, 2023 (See NYSCEF Doc. No. 63) (the "Motion"); and
UPON the order entered by this Court (Lanzetta, J.) on December 27, 2023, scheduling this Motion to be heard on January 17, 2024 (See NYSCEF Doc. No. 69), and temporarily restraining any enforcement action under the judgment of possession, and the affirmation in [*2]opposition by Thomas J. Frank, Esq., of The Frank Law Firm P.C., as counsel of record to CAM Re Ventures 1 REO LLC, the successful purchaser at auction (the "Owner") (See NYSCEF Doc. No. 71—89), and the reply affirmation submitted by Defendants (See NYSCEF Doc. No. 90), and the memoranda of law submitted by the Defendants and the Owner (See NYSCEF Doc. No. 91—92), and
UPON the order of this Court (Maldonado-Cruz, J.) restoring the Motion back to the active calendar (See NYSCEF Doc. No. 107), and upon oral argument by counsel of record before this Court on July 31, 2024, Movant's motion is DENIED for the following reasons:
Movants now argue that the judgment of possession entered on December 18, 2023, and writ of assistance entered on December 18, 2023, must be vacated pursuant to CPLR §§ 1012(a)[FN1]
and 1013 [FN2]
because Owner failed to properly intervene in this matter before seeking the aforementioned judgment and writ. Owner, in opposition, argues that they were not required to formally intervene pursuant to RPAPL § 221. RPAPL § 221 states, in pertinent part.
Where a judgment affecting the title to, or the possession, enjoyment or use of, real property allots to any person a distinct parcel of real property, or contains a direction for the sale of real property, or confirms such an allotment or sale, it also may direct the delivery of the possession of the property to the person entitled thereto . . . . If a party, or his representative or successor, who is bound by the judgment, withholds possession from the person thus declared to be entitled thereto, the court, by order, in its discretion, besides punishing the disobedience as a contempt, may require the sheriff to put that person into possession. Such an order shall be executed as if it were an execution for the delivery of the possession of the property.
A plain reading of RPAPL § 221, in which the statute makes a distinction between a "person" and a "party," indicates that a movant, in this case a purchaser at a foreclosure action, seeking a writ of assistance to obtain possession of the foreclosed property, need not formally intervene in a matter to file for said relief. Moreover, two different appellate divisions in New York state have, without discussing formal intervention as a prerequisite for relief, granted a purchaser at a foreclosure auction a writ of assistance pursuant to RPAPL § 221. See Lincoln First Bank, N.A. v. Polishuk, 86 AD2d 652 (2nd Dept. 1982); Tri-Land Props. v. 115 W. 28th St. Corp., 267 AD2d 142 (1st Dept. 1999).
Therefore, movants' arguments are without merit.
Accordingly, it is hereby
ORDERED, that the Movant's Motion is denied in its entirety; and it is further
ORDERED, that the temporary restraint directed in the order entered on December 27, 2023 (See NYSCEF Doc. No. 69) is hereby vacated in all respects; and it is further
ORDERED, that any other requested relief not expressly addressed herein has nonetheless been considered by this Court and is hereby denied; and it is further,
ORDERED, that the Owner shall be permitted to proceed with its enforcement rights under the judgment of possession and writ of assistance, entered on December 18, 2023, upon the entry of this Order; and it is further
ORDERED, that Movants shall serve a copy of this Order with Notice of Entry upon the clerk of this court and upon all parties on or before August 22, 2024.
This constitutes the Order of the Court.
Dated: August 13, 2024
Hon. Lumarie Maldonado-Cruz, A.J.S.C.

Footnotes

Footnote 1:"Upon timely motion, any person shall be permitted to intervene in any action: 1. when a statute of the state confers an absolute right to intervene; or 2. when the representation of the person's interest by the parties is or may be inadequate and the person is or may be bound by the judgment; or 3. when the action involves the disposition or distribution of, or the title or a claim for damages for injury to, property and the person may be affected adversely by the judgment."

Footnote 2:"Upon timely motion, any person may be permitted to intervene in any action when a statute of the state confers a right to intervene in the discretion of the court, or when the person's claim or defense and the main action have a common question of law or fact. In exercising its discretion, the court shall consider whether the intervention will unduly delay the determination of the action or prejudice the substantial rights of any party."